# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 5, 2007

## STATE OF TENNESSEE v. RAYMOND MAYS, JR.

**Direct Appeal from the Circuit Court for Madison County**
No. 93-1036     Donald H. Allen, Judge

**No. W2006-02241-CCA-R3-CD  - Filed August 3, 2007**

The defendant, Raymond Mays, Jr., appeals from the judgment of the Madison County Circuit Court, revoking his probation and imposing service of the remainder of his sentence in confinement. In this appeal, the defendant argues that the court erred in revoking his probation. Following our review of the record, parties' briefs, and the applicable law, we determine no error exists in the court's revocation of probation, and thus affirm the court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee, for the appellant, Raymond Mays, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that in January 1994, the defendant pled guilty to possession of cocaine with intent to sell and driving on a revoked license. In exchange for his pleas, he received a total effective sentence of twelve years as a Range I, standard offender with sixty days in confinement and the balance to be served in community corrections. After serving approximately two years of his sentence in community corrections, the defendant was placed on probation on March 29, 1996. On March 24, 2006, a probation violation warrant was issued, alleging the defendant had violated a condition of his probation by being arrested for the unlawful possession of a firearm and discharging a firearm in the city limits. Subsequently, on July 25, 2006, another probation violation warrant was issued, alleging that the defendant had been arrested for possession of marijuana and drug paraphernalia.

On September 18, 2006, the circuit court conducted a hearing. At the hearing, the defendant, through counsel, admitted that he had recently pled guilty in federal court to felon in possession of a handgun. However, the defendant, through counsel, did not concede guilt to the recent charge of possession of marijuana and drug paraphernalia. At the conclusion of the hearing, the court found the following:

> [The defendant] did admit that he had discharged this firearm. I believe he told me that he had been shooting at a coon up in a tree is what he told me and based upon his admission . . . . I think there was a coon up in a tree and he was trying to scare it off as best I remember, and he did have a weapon and discharged a firearm which obviously he could not do since he is a convicted felon.
>
> So, it does appear he has pled guilty to that charge in Federal Court and he is awaiting sentencing in Federal Court, so certainly he has violated his probation in a substantial way by being in possession of a firearm and also by discharging a firearm as a convicted felon.

The court then revoked the defendant's probation and ordered him to serve his original twelve-year sentence in confinement less the time the defendant had served in jail and on community corrections.

On appeal, the defendant challenges the revocation of his probation. Specifically, he argues that he "had been on state probation from 1996 to 2006 with no major problems, and his sentence was due to expire on January 20, 2007." Therefore, the "court's full revocation of [his] probation violated the goals and purposes of sentencing, especially for a probationer who was so close to termination of his sentence."

We begin our review by noting that the decision to revoke probation lies in the sound discretion of the trial court. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). The trial court may revoke probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his or her probation. *See* Tenn. Code Ann. §§ 40-35-310, 311(e); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. *Harkins*, 811 S.W.2d at 82. If the trial court has exercised "conscientious judgment in making the decision rather than acting arbitrarily," then there is no abuse of discretion. *Leach*, 914 S.W.2d at 107. Discretion is abused only if the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *Harkins*, 811 S.W.2d at 82; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

In the instant case, the record reflects that the defendant violated the conditions of his probation by possessing a handgun and discharging it. Therefore, the court's determination to revoke the defendant's probation was supported by substantial evidence. Accordingly, we are unable to conclude that the court abused its discretion. The judgment of the circuit court if affirmed.

_____
J.C. McLIN, JUDGE