# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL 1997 SESSION

FILED

June 24, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9607-CC-00273 |
| Appellee, | ) | |
| | ) | ANDERSON COUNTY |
| VS. | ) | |
| | ) | HON. JAMES B. SCOTT, JR. |
| | ) | JUDGE |
| JAMANN T. BOOKER, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

KENNETH F. IRVINE, JR.
606 W. Main Street, Ste. 350
P.O. Box 84
Knoxville, Tennessee 37901-0084

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

SANDY R. COPOUS
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee   37243-0493

JAMES N. RAMSEY
District Attorney General

JAN HICKS
Assistant District Attorney General
127 Anderson County Courthouse
100 North Main Street
Clinton, TN 37716

OPINION FILED: _____

AFFIRMED

JOE G. RILEY,
JUDGE

OPINION

The defendant, Jamann T. Booker, appeals the trial court's decision to revoke his probation. Defendant pled guilty to five counts of the sale of cocaine and received an effective sentence of eight years in the Tennessee Department of Correction. After serving a portion of his sentence and completing "boot camp," he was placed on intensive supervised probation. While on probation, defendant was arrested on another two counts of selling cocaine. Due to this arrest, a probation violation warrant was issued. A probation revocation hearing was subsequently held wherein the trial court revoked defendant's probation.

After filing timely notice of appeal, defendant presents two issues for our review: 1) whether testimony by police officers regarding statements allegedly made by the confidential informant constituted unreliable hearsay and were, therefore, inadmissible; and 2) whether the defendant's constitutional right to confrontation was violated by allowing police officers to testify as to remarks made by a confidential informant which were simultaneously being monitored by electronic transmitter.

We AFFIRM the judgment of the trial court.

**FACTS**

The facts involved in this probation revocation appeal stem from an undercover drug operation conducted by the Oak Ridge Police Department (ORPD). The ORPD employed a confidential informant to make drug purchases. On two separate occasions, December 12, 1995, and January 24, 1996, the confidential informant came into contact with the defendant. Each transaction was monitored by police officers by personal observation and/or through electronic transmitter or wire.

The December 12 transaction was supervised by Sergeant Mike Uher of the ORPD. He stated that he met with the confidential informant, placed an electronic monitoring device on him and gave him $300 for drug purchases. After searching him and his vehicle for any contraband, he sent the informant to purchase crack cocaine.

2

Sgt. Uher was in another vehicle which was equipped with a receiver and positioned atop a hill so that he could survey the area. He watched the defendant and the informant meet and pull their cars up next to each other. He then heard them agree to drive around the block which he believed to be standard language for initiating a drug deal. After identifying the defendant's and the informant's voice, he summarized the conversation he heard through the electronic monitoring device.

The informant indicated he wished to purchase $200 worth of cocaine. Defendant stated he wanted to drive around the block. Sgt. Uher observed the vehicles drive around the block. The defendant subsequently exited his vehicle and entered the informant's vehicle where the transaction took place. Sgt. Uher stated he then heard the informant say "[those] were large pieces and that he wanted $200 worth, could he come back and get more an additional time ..."

The defendant stated that he wanted to be dropped off at his vehicle after the transaction. The informant later met Sgt. Uher at a pre-arranged location and turned over the drugs.

Sgt. Uher stated that the January 24 transaction was set up similarly to the December 12 transaction; however, they utilized an undercover vehicle instead of the informant's personal vehicle. Officer Michael Jackson of the Athens Police Department was the driver. Sgt. Uher testified regarding the transmissions he heard over the wire on this occasion. He stated the informant entered the defendant's vehicle and requested $100 worth of crack cocaine. The informant indicated "that that looked good." The extent of defendant's response was "yes," "o-kay," "no," and "my car."

Because he was in the car with the informant, Officer Jackson personally observed the informant enter the defendant's vehicle and sit in the back seat behind the defendant. Although Officer Jackson did not actually see the drugs exchanged, the vehicles were parked in such close proximity that he saw hand movements that were consistent with a money and drug exchange. The drugs were later turned over to Sgt. Uher.

Carl Smith, a Tennessee Bureau of Investigation (TBI) chemist, analyzed the substances given to Sgt. Uher from the above transactions. He testified that the substances tested positive for cocaine base or "crack" cocaine.

The defendant did not offer any proof at the hearing.

**HEARSAY ISSUE**

The defendant argues that the police officer's testimony regarding statements allegedly made by the confidential informant constituted unreliable hearsay. In effect, the defendant claims that Sgt. Uher's testimony summarizing the conversation overheard while monitoring the alleged drug transaction requires the testimony of the confidential informant. We disagree.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tenn. R. Evid. 801(c). Hearsay evidence, however, is admissible in a probation revocation hearing so long as it is not shown to be so unreliable as to violate due process. State v. Wade, 863 S.W.2d 406, 409-10 (Tenn. 1993).

After a thorough review of the record, we find that the statements made by the confidential informant and repeated by Sgt. Uher were not offered to prove the truth of the matters asserted. They were clearly made for the purpose of providing the defendant, a willing drug dealer, with a customer and merely depicted one side of a drug transaction. See State v. Martin, ___ S.W.2d ___ (Tenn. 1997); State v. Jones, 598 S.W.2d 209 (Tenn. 1980); State v. George Harless, C.C.A. No. 03C01-9203-CR-00105 (Tenn. Crim. App. filed August 11, 1993, at Knoxville).

Even if it was hearsay, it was reliable. Furthermore, it was harmless in light of the other testimony of the officers which clearly shows defendant's participation in the drug transaction. Tenn. R. App. P. 36(b). The evidence of the violation was sufficient, even without the informant's statements, to establish that the trial judge exercised conscientious judgment. State v. Leach, 914 S.W.2d 104 (Tenn. Crim.

4

App. 1995). The state is not required to prove the violation beyond a reasonable doubt. Id. This issue is without merit.

## RIGHT TO CONFRONT AN ADVERSE WITNESS

Since the only actual eyewitness to the alleged drug sales was the confidential informant who was not called as a witness, the defendant contends admission of the officer's testimony violated his constitutional right to confront an adverse witness.

It should be noted at the outset that while closely related to evidentiary issues, confrontation issues are analyzed differently. Both the United States and the Tennessee Constitutions afford protections which enable a defendant to confront an adverse witness. U.S. Const. amend. VI; Tenn. Const. art. I, §9. Generally, a probationer is entitled to the same protection unless the trial judge makes a specific finding of good cause for denying the right. Wade, 863 S.W.2d at 409.

Confrontation Clause analysis does not apply to the proof presented in this case. Martin, ___ S.W.2d at ___; Jones, 598 S.W.2d at 223. It is important to stress that Sgt. Uher and Officer Jackson testified regarding what they visually and audibly perceived in both drug transactions. They witnessed the confidential informant and the defendant engage in activities they believed to be the sale of drugs. They observed the informant enter defendant's car and return with what was positively identified as "crack" cocaine. The testimony via the electronic wire pertaining to the comments made by the confidential informant was not substantive evidence. It, in effect, was not a "witness against" the defendant and raises no Confrontation Clause concerns. Tennessee v. Street, 471 U.S. 407, 414 (1985).

After the defense closing argument emphasizing the right to confront, the trial court stated:

> "I have unrefuted proof here that the same activity
> that [defendant] was sent to the penitentiary on,
> and I hope frankly that [defendant] can maybe turn his
> conduct in such a way that he wouldn't do this, but there's
> so much money involved in drugs, and this appears
> that even though there may have been a right of

5

> confrontation with the confidential informant, that this Court allowed that information in just simply to corroborate what I had in the way of direct proof on a probation hearing . . . "

The trial court clearly viewed the questionable evidence as merely corrobative of the direct proof implicating the defendant. The record supports the conclusions of the trial court. If there was error, it was harmless. Tenn. R. App. P. 36(b). This issue is without merit.

The judgment of the trial court is AFFIRMED.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
CHRIS CRAFT, SPECIAL JUDGE