IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1999 SESSION



FILED

May 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,           )
                              )      C.C.A. No. 03C01-9801-CC-00017
        Appellee,             )
                              )      Blount County
v.                            )
                              )      Honorable D. Kelly Thomas, Jr., Judge
LOWELL CLAYTON GREDIG, JR.,   )
                              )      (Probation Revocation)
        Appellant.            )

FOR THE APPELLANT:

Natalee S. Hurley
Assistant Public Defender
419 High Street
Maryville, TN  37804
(At Trial)

Gerald L. Gulley
P. O. Box 1708
Knoxville, TN  37901-1708
(On Appeal)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Michael J. Fahey, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

Michael L. Flynn
District Attorney General
363 Court Street
Maryville, TN  37804-5906

Lisa McKenzie
Assistant District Attorney General
363 Court Street
Maryville, TN  37804-5906

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

**O P I N I O N**

The appellant, Lowell Clayton Gredig, Jr., appeals as of right from the revocation of his probation. The appellant challenges both the revocation and the denial of an alternative sentence, insisting that the trial court erred in revoking his probation and in sentencing him to incarceration in lieu of imposing an alternative sentence. After a careful review of the entire record, briefs and arguments of the parties, and applicable law, we affirm the trial court's judgment.

## I.

### PROCEDURAL BACKGROUND

On December 5, 1994, the Blount County grand jury indicted the appellant in Cause No. 8668 for statutory rape, occurring in November, 1994. On October 1, 1996, the appellant entered a plea of guilty to statutory rape and was sentenced to eighteen months in the Blount County Jail. The sentence was suspended, and the appellant was placed on immediate supervised probation. Special conditions of probation were imposed by the trial court.

On February 11, 1997, the trial court issued a violation of probation warrant for the appellant. The warrant was premised upon the appellant's failure to notify his probation officer of his arrests for assault and public intoxication on February 7 and 10, 1997; failure to maintain employment; failure to notify his probation officer of his change of address; a violation of court imposed curfew; failure to attend AA or GED classes as instructed; and failure to pay court costs. On April 8, 1997, the appellant stipulated to the violations. The trial court revoked the appellant's probation and ordered the appellant to serve ninety days in the Blount County Jail and then be released to intensive probation for the balance of the sentence.

On April 28, 1997, the Blount County grand jury indicted the appellant for assault in Cause No. 10214. On August 1, 1997, the appellant pled guilty to assault and was

sentenced to eleven months and twenty-nine days, to run consecutively to the statutory rape conviction in Cause No. 8668. The trial court suspended the sentence and placed the appellant on immediate supervised probation. The trial court entered a supplemental probation order enlarging on the special conditions of probation to be performed by the appellant.

On May 27, 1997, the trial court issued a warrant for violation of probation, Cause No. 8668, by the appellant based upon his arrest for simple assault on May 26, 1997. Again, the appellant stipulated to the violation of probation. The trial court revoked probation, requiring the appellant to serve ninety days and then be re-released on intensive probation. Additionally, the trial court ordered the appellant to reside in a halfway house for a minimum of six months as a condition of probation.

On November 21, 1997, the trial court issued another warrant for the appellant for violation of probation in Cause Nos. 8668 and 10214. The warrant alleged the appellant was arrested on November 7, 1997, for public intoxication and resisting arrest; failed to advise his probation officer about his residence or employment; used alcohol; failed to reside at a halfway house; failed to report to his probation officer since November 4, 1997; and failed to pay court costs.

After the conclusion of a revocation proceeding, the trial court entered orders on both causes on January 9, 1998. The trial court revoked the appellant's probation in Cause No. 8668, allowing the appellant 236 days jail credit. In Cause No. 10214, the trial court revoked the appellant's probation for assault, modifying the judgment to eleven months and twenty-nine days in jail, fifty percent release eligibility prior to release on probation, and zero percent release eligibility in all other areas. The court allowed the appellant 62 days jail credit.

## II.

### VIOLATION OF PROBATION

First, the appellant argues the trial court erred in revoking his probation on the grounds there was no substantial evidence to support the trial court's decision to revoke probation, and the trial court considered only the nature and character of the offense, thereby constituting "too narrow a view" of the relevant factors. The state submits there is ample evidence in the record to support the trial court's decision.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that a person has violated the conditions of probation. Tenn. Code Ann. § 40-35-311. The judgment of the trial court will not be disturbed on appeal, unless it appears that there has been an abuse of discretion. For an appellate court to be warranted in finding an abuse of discretion in a probation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991). The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision to revoke probation. *State v. Leach,* 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

**A.**

**Revocation Proceeding**

Marcus Miller, probation officer, testified that the appellant began probationary supervision on October 1, 1996, with Probation Officer Carolyn Brewer. The appellant violated this period of probation by being arrested for new offenses, assault and public intoxication. The appellant's probation was thereafter revoked, and he received a ninety-day sentence in jail along with intensive probation. Shortly thereafter, the appellant was arrested for simple assault. Following a hearing, the appellant was ordered to serve another period of ninety days and was released on intensive probation, with the special condition that he enter a halfway house for six months. The appellant failed to comply with this special condition. Miller also testified that the appellant failed to pay his court costs,

failed to attend the Anger Management Program, and failed to report since October, 1997. During the appellant's second period of intensive probation, the appellant had three new arrests.

Miller testified that the appellant was arrested twice for public intoxication and resisting arrest in November, 1997. In December, 1997, the appellant was convicted of theft of property over $500 for taking his mother's car and wrecking the same. He was sentenced to eleven months and twenty-nine days. Miller agreed he had not contacted any halfway houses to determine the appellant's attendance or lack thereof. The appellant informed Miller he had been denied acceptance at Stepps House for failure to pay back rent.

The appellant testified he is married and has a four-month-old child.[1] Prior to his arrest, the appellant was employed with Burris Wood Company, making hardwood floors. The appellant described his income "as not much." Upon release for his second intensive probation period, the appellant attempted to enter Cornerstone, a halfway house, but his bed had been given away. The appellant then contacted Stepps House, which told him he could sleep on a couch if there was no bed available. However, Stepps House refused to honor this commitment and denied him acceptance for non-payment of back rent.

As to failure to report, the appellant testified that he knew he was in violation for not entering a halfway house and was too scared to report. The appellant admitted he was arrested in November, 1997, for public intoxication and resisting arrest. This incident arose over an argument with his mother-in-law. As to the theft of his mother's car, the appellant testified he was drinking, got the car keys from his mother, went looking for his wife, blacked out and wrecked the car, overturning it three times. The appellant testified he is an alcoholic and cannot control his drinking, although he attempted treatment in 1993. During the appellant's many arrests, he has never been sober.

_____

[1]This child was born while the appellant was serving one of the ninety-day sentences.

In revoking the appellant's probation, the trial court found clear evidence that the appellant violated the terms of probation. The trial court found the appellant continued to engage in the same criminal activity since October, 1996, the original probation term. In commenting on the appellant's prior revocations, the trial court held, "There's no question that alcohol is a problem in Mr. Gredig's life, but the other problem is that nothing can be done about that if he won't cooperate and keeps violating the law. And that's what he does."

We find there is substantial evidence in this record to support the trial court's revocation of the appellant's probation. There is no merit to this issue.

## B.

## Alternative Sentence

The appellant contends the trial court was in error for not considering an alternative sentence, such as community corrections program or split confinement. Further, the appellant contends the trial court made no findings regarding the suitability of alternative sentencing. The state does not specifically address this issue in its brief.

The dilemma in this cause, as to this issue, is the record of the revocation proceedings does not reflect that the issue to the appropriateness of an alternative sentence was ever addressed to the trial court. The record does not contain arguments of the parties as to whether the trial court should consider such remedy, nor does the trial court address any question of the viability of an alternative sentence in its ruling. Thus, this issue has been waived by the appellant. Tenn. R. App. P. 27 (a)(7); *State v. David Glen Haynes,* No. 03C01-9602-CC-00075, 1998 WL 125560 (Tenn. Crim. App., Knoxville, March 23, 1998).

The trial court's judgment is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

-7-

_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE