IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

August 27, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9807-CC-00234 |
| Appellee, | ) | |
| | ) | Blount County |
| v. | ) | |
| | ) | Honorable D. Kelly Thomas, Jr., Judge |
| ROBIN DeHART, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

JULIE A. MARTIN
P. O. Box 426
Knoxville, TN 37901-0426
(On Appeal)

MACK GARNER
District Public Defender
419 High Street
Maryville, TN 37804
(At Trial)

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

MICHAEL L. FLYNN
District Attorney General

EDWARD P. BAILEY, JR.
Assistant District Attorney General
Blount County Courthouse
363 Court Street
Maryville, TN 37804-5906

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

## O P I N I O N

The defendant, Robin DeHart, appeals the order of the Blount County Circuit Court revoking her probation and ordering that she serve 124 days in jail. The basis for this appeal is the defendant's contention that the trial court should not have revoked her probation and ordered her to serve 124 days because she had completed rehabilitation programs while in federal custody, between the time of the filing of the violation of probation affidavit and the state court revocation hearing. Based upon our review of the record and applicable law, we affirm the order of the trial court.

On November 15, 1993, the defendant was indicted in Blount County for six felony drug counts. She entered a guilty plea on October 4, 1994, to two counts of sale and delivery of a Schedule IV controlled substance. Her presentence report was filed on November 3, 1994; and, on November 28, 1994, the defendant was sentenced to two concurrent two-year sentences. The defendant was granted immediate probation, ordered to pay fines of $2,000 in each case and to complete 100 hours of community service, and required to undergo substance abuse and psychological evaluations and to follow the recommendations.

On March 5, 1996, the defendant made a court appearance on a first violation of probation report. On April 16, 1996, she was ordered to serve thirty days in jail and then continue with her probationary sentence. The following day, April 17, 1996, the defendant was arrested on federal bank robbery charges and received a sentence of thirty months, followed by three years of supervised release. The defendant also violated the conditions of her probation by testing positive for cocaine on three separate occasions. On April 18, 1996, a second violation of probation warrant was filed, with the report being submitted to the court on June 7, 1996. The hearing was held on July 6, 1998, after the defendant had been released from federal custody, at which time the court revoked the defendant's probation and ordered her to serve 124 days in jail, during which time she was eligible for work release. The defendant had been in federal custody from April 17, 1996 until June 22, 1998.

2

During the time she was in federal custody, the defendant completed several of the available programs. Among those were a 500-hour drug treatment program, drug abuse aftercare, and Bible studies. She began paying federal restitution while serving her federal sentence but still owes approximately $4,000.

The defendant contends that the trial court should have either granted her probation or imposed a jail sentence of less than 124 days. We will consider both of these issues.

The authority of this Court is quite limited in passing upon the action of the trial court in imposing a sentence following the revocation of a suspended sentence. Tennessee Code Annotated § 40-35-310 sets out the authority of the trial court in this regard. Tennessee Code Annotated § 40-35-311(e) provides that the trial court, upon finding that the defendant has violated the conditions of probation and suspension, "shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment originally entered, or otherwise in accordance with § 40-35-310." In this case, since the defendant was convicted on federal bank robbery charges after being granted probation, it is clear that the trial court did not abuse its discretion in revoking her probation as a result. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (an abuse of discretion does not occur unless the record "contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred").

The defendant also argues that since the trial court altered her original sentence, reducing it from two years to 124 days,[1] the court was required to utilize the regular sentencing considerations, citing State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App.

---

[1]During the probation violation hearing, the trial court calculated the defendant's release eligibility, in serving thirty percent of a two-year sentence to be about 7.2 months. Citing her rehabilitative efforts while in prison, the court halved the time which she was to spend in incarceration to 108 days, or about 3.6 months, in effect doubling her jail credit. The trial court also ordered that the thirty days which she was to serve in jail, but had not, following the first time that her suspended sentence was revoked, be served consecutively to the 108 days. Finally, the trial court ordered that she be eligible for work release during her period of incarceration.

1995).  In Leach, the defendant had been convicted initially of three drug offenses and sentenced to three concurrent three-year sentences, with the sentences to be suspended after serving 120 days. While these sentences were in effect, the defendant was convicted of another drug offense and sentenced to two years imprisonment, with all but thirty days suspended.  The trial court then ordered that the defendant was to be incarcerated for the balance of the sentences and that the second sentence was to be served consecutively to the first.  The defendant argued that the court should have considered sentence alternatives, such as intensive probation.  This Court found no abuse of discretion in ordering that the defendant be incarcerated for the balance of his sentences and, further, that the trial court was correct in applying Rule 32(c)(2) to order that the sentences be served consecutively.  We note that, in Leach, the original sentence imposed on the defendant by the court was not altered and reduced, as is the situation here.

In this case, the defendant has made impressive efforts while in federal custody towards rehabilitation.  The trial court conducted a hearing on the violation of probation[2] and, after hearing testimony from the defendant and reviewing various certificates which she presented regarding her efforts at rehabilitation, stated its concerns in the matter.  The defendant had previously violated the conditions of her probation and had been convicted of bank robbery.  The court believed that the courses taken by the defendant indicated that she was more likely to be rehabilitated, but, not knowing the contents of the courses, considered the "degree" of the rehabilitation to be questionable.  However, in view of all that the defendant accomplished while in federal custody, the trial court found that she was entitled to "substantial modification" of her sentence.  Accordingly, the court allowed her to have what it calculated to be "two-for-one credit because of what she's done while in prison," and, further, ordered that the thirty days still unserved as the result of her first revocation be served consecutively to the 108 day sentence, with work release eligibility. From all of this, we believe the trial court properly considered available sentencing alternatives, and that, as a result, the order of the trial court should be affirmed.

---

[2]This was the second time that the defendant had violated her probation.

4

For these reasons, the order of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE

CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE