IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

(Assigned on Briefs at Jackson September 10, 2002)

## STATE OF TENNESSEE v. RANDY TYRONE CRAWFORD

**Criminal Court for Sumner County**
**No. 656-1999**

---

**No. M2001-03063-CCA-R3-CD Filed October 11, 2002**

---

### ORDER

The Appellant, Randy Tyrone Crawford, appeals from the order of the Sumner County Criminal Court revoking his probation and ordering him to serve his sentence in the Department of Correction. We affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

On December 3, 1999, the Appellant pled guilty to one count of sale of cocaine under .5 grams, a class C felony. The Appellant received a six-year sentence of split confinement, ninety days to be served in confinement and the balance on supervised probation. The Appellant subsequently violated the conditions of his probation and was transferred to the Department of Correction, where he was placed in the Special Alternative Unit Program, commonly known as the boot camp program. Following completion of the program, the Appellant was again placed on supervised probation.

On June 20, 2001, a probation violation warrant was issued alleging that the Appellant had again violated the terms and conditions of his probation by: (1) failing to secure and verify employment; (2) failing to report once a week since May 30, 2001; (3) using crack cocaine on or about May 30, 2001; and (4) failing to perform public service work hours as instructed.

A revocation hearing was conducted on November 5, 2001. The following colloquy occurred at the hearing between the assistant district attorney general and the Appellant:

> Q.    This isn't the first violation warrant that has been filed against
>         you, is it, Mr. Crawford?
> A.    No, sir.
> Q.    Last we were here in this very room, Judge Wheatcraft ordered
>         you to serve your sentence and revoked your probation. Is that
>         true?
> A.    Yes, sir.
> Q.    You went through boot camp?
> A.    Yes, sir.

Q. Well, seven months later we're back here in court. Seven months after your release from boot camp, and Ms. Tharp's warrant says basically you didn't report, didn't provide proof of employment, and didn't provide proof of the public service work, and you were using drugs?

A. Yes, sir.

At the close of the hearing, the trial court entered the following findings:

THE COURT: This defendant has a long and tortured history with this Court. I know him. He has been on probation a number of times and, unfortunately, never successfully. He has certainly no spirit of cooperation with any program that we have tried to place him in. He does have a history of violence. . . . His probation is revoked yet again, and I'm going to send him to the Tennessee Department of Corrections.

A trial court retains the discretion to revoke a sentence of probation and cause execution of the original judgment as it was entered, upon a finding by a preponderance of the evidence, that a defendant has violated the conditions of probation. Tenn. Code Ann. §§ 40-35-310, -311(d) (1997). The trial court's decision to revoke probation will be reviewed under an abuse of discretion standard, *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991), and will not be disturbed if the evidence shows that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1999) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), *perm. to appeal denied*, (Tenn. 1981)).

On appeal, the Appellant argues that the trial court failed to exercise "conscientious & intelligent judgment" in finding by a preponderance of the evidence that the Appellant violated the terms and conditions of his probation. This argument is without merit. We find the record fully supports the trial court's action.

Therefore, the judgment of the Sumner County Criminal Court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Costs are taxed to the State.

_____
DAVID G. HAYES, JUDGE


_____
JOSEPH M. TIPTON, JUDGE


_____
JOE G. RILEY, JUDGE