# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1999 SESSION

FILED

August 9, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9807-CC-00258 |
| Appellee, | * | Blount County |
| VS. | * | Honorable D. Kelly Thomas, Jr., Judge |
| **FREDDIE CARRELL,** | * | (Probation Revocation) |
| Appellant. | * | |

FOR THE APPELLANT:

JULIE A. MARTIN
P.O. Box 426
Knoxville, TN 37901-0426

RAYMOND MACK GARNER
District Public Defender
419 High Street
Maryville, TN 37804

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243-0493

MICHAEL L. FLYNN
District Attorney General

PHILIP H. MORTON
Assistant District Attorney General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED: _____

**AFFIRMED - RULE 20**

**JOHN EVERETT WILLIAMS,**
Judge

## OPINION

The defendant, Freddie Carrell, appeals the revocation of his probation, arguing that the trial court abused its discretion. We AFFIRM the judgment of the trial court.

On February 9, 1994, the defendant pleaded guilty to two felony drug offenses. On May 6, 1997, the trial court sentenced him to two years probation for each offense, with the sentences to run concurrently. Shortly thereafter, the defendant admitted to numerous violations of his probation. The trial court revoked his probation and ordered that he serve the remainder of his sentence in jail. Nevertheless, the defendant was released from jail and returned to probation on April 17, 1998.

Following his release, the defendant requested that his probation be transferred to Florida, and he moved there. Approximately six weeks later, the defendant requested that he be transferred back to Tennessee. The defendant failed to report to his probation officer as scheduled upon returning to Tennessee and failed to attend two subsequent meetings. As a result, a probation violation warrant was filed on June 17, 1998. Following a hearing, the trial court found that the defendant had violated the terms of his probation by not reporting and ordered that the defendant serve the remainder of his sentences in the Tennessee Department of Correction.

The defendant admits violating the terms of his probation. However, due to car problems and other circumstances, he argues that he did the best that he could.

The decision whether to revoke a defendant's probation is vested in the discretion of the trial court. See State v. Leach, 914 S.W.2d 104, 106 (Tenn.

Crim. App. 1995). This Court will not disturb a trial court's judgment relative to probation revocation proceedings absent an abuse of that discretion. See id. For this Court to find that the trial court abused its discretion, it must be established that the record contains no substantial evidence in support of the trial court's conclusion. See State v. Harkins, 811 S.W.2d 79, 82 (1991). Such is not the case here.

The evidence supports the findings of the trial court, and we find no error of law mandating reversal. Therefore, pursuant to Rule 20 of the Court of Criminal Appeals, we AFFIRM the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JAMES CURWOOD WITT, JR., Judge

_____
ALAN E. GLENN, Judge

-3-