**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**APRIL SESSION, 1998**

FILED

July 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9708-CC-00323** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **BLOUNT COUNTY** |
| **VS.** | ) | |
| | ) | **HON. D. KELLY THOMAS, JR.** |
| **BRUCE E. WILLIAMS,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Probation** |
| | ) | **Revocation)** |

FOR THE APPELLANT:

MACK GARNER
Office of the Public Defender
Fifth Judicial District
421 High Street
Maryville, TN 37804

GERALD L. GULLEY, JR.
(On Appeal Only)
Contract Appellate Defender
P. O. Box 1708
Knoxville, TN 37901

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

CLINTON J. MORGAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MIKE FLYNN
District Attorney General

EDWARD P. BAILEY, JR.
Assistant District Attorney
362 Court Street
Knoxville, TN 37804

ORDER FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# ORDER

On August 19, 1996, Appellant, Bruce E. Williams, was placed on probation. As part of the probation, an electronic monitoring system would call Appellant's residence to confirm that Appellant was abiding by his curfew. On three separate occasions the system was unable to contact the Appellant. On February 2, 1997, Appellant was arrested for public intoxication. Again, on February 18, 1997, Appellant was arrested for driving under the influence and habitual motor offender.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

Appellant raises two issues on appeal: (1) whether there is substantial evidence to support the trial court's decision to revoke probation; and (2) alternatively, whether the trial court should have instituted an alternative sentence.

"The decision to revoke probation rests with the sound discretion of the trial court." State v. Conner, 919 S.W.2d 48, 49 (Tenn. Crim. App. 1995). Upon review of such a decision, the defendant bears the burden of proving the decision was an abuse of discretion. State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995). In order for an abuse of discretion to occur there must be "no substantial evidence to support the conclusion of the trial judge that a violation of conditions of the probation has occurred. the proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows

the trial judge to make a conscientious and intelligent judgment." <u>State v. Harkin</u>, 811 S.W.2d 79, 82 (Tenn. 1991).

There was substantial evidence to support the revocation of probation. Appellant was arrested for numerous crimes while on probation, and these arrests are substantial evidence upon which probation can be revoked. It is not the providence of the appellate court in these matters to second guess the decisions of the trial court, only to inspect the foundation in which the decision is rooted.

There is also substantial evidence to support the decision not to institute alternative sentencing. "Sentences involving confinement should be based on the following considerations: (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103. Appellant has repeatedly operated motor vehicles while intoxicated. The less restrictive measures of probation and electronic curfew restrictions were tried and failed. Therefore the trial court's decision to incarcerate is fully supported.

For the above stated reasons, the decision of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
J. CURWOOD WITT, JR., JUDGE