# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

### Assigned on Briefs July 16, 2014

## STATE OF TENNESSEE v. FRANK KENDALE SPARKMAN, JR.

**Direct Appeal from the Circuit Court for Lewis County**
**Nos. 2004-CR-71 (6549), 2004-CR-38 (6524)     Timothy Easter, Judge**

**No. M2012-02381-CCA-R3-CD - Filed September 19, 2014**

The appellant, Frank Kendale Sparkman, Jr., pled guilty in the Lewis County Circuit Court to selling one-half gram or more of cocaine, a Class B felony, and possession of less than one-half gram of cocaine, a Class C felony, and received an effective eleven-year sentence to be served on supervised probation. On appeal, the appellant contends that the trial court erred by revoking his probation and ordering that he serve his effective sentence in confinement. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Kenneth K. Crites, Centerville, Tennessee, for the appellant, Frank Kendale Sparkman, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; Kim R. Helper, District Attorney General; and Sean Duddy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On December 8, 2004, the appellant pled guilty to selling one-half gram or more of cocaine, a Class B felony, and possession of less than one-half gram of cocaine with intent to sell or deliver, a Class C felony, and the trial court sentenced him to consecutive sentences of eight and three years, respectively. The appellant completed a portion of his effective eleven-year sentence in a boot camp program and then began serving the remainder of his

sentence on supervised probation. The appellant's probation was to expire on July 12, 2015.

On January 9, 2012, the appellant's probation officer filed a probation violation report, alleging that the appellant had violated probation by being arrested on January 5, 2012, for possession of cocaine for resale and theft of property. The trial court issued a probation violation warrant, and the appellant was arrested.

At the appellant's probation revocation hearing, the State advised the trial court that due to the complexity of the appellant's drug case, it was seeking to revoke the appellant's probation only for the theft charge. Jerry Grohowski testified that he was the appellant's probation officer and that someone would have gone over the rules of probation with the appellant when the appellant was released from boot camp. Rule number two required that the appellant obey the laws of this state. Grohowski filed a violation of probation report against the appellant for new charges of possession of a Schedule II controlled substance for resale and theft of property. The appellant had reported the new charges to Grohowski, but Grohowski already knew about them.

On cross-examination, Grohowski testified that the appellant never tested positive for cocaine or marijuana while on probation. The appellant tested positive for Lortab but had prescriptions for the drug.

Allison Lacey Sisco testified that in October 2011, she allowed some friends, one of whom was Corey Anthony, to stay at her home while she had surgery. When Sisco returned home from surgery on October 12, her friends claimed that her house had been "robbed," that they were gone when the incident occurred, and that they returned home to find "the whole place had been ransacked." Sisco went to her bedroom and discovered that $80 in cash, a new iPod Generation 4, a laptop computer, and a camera were missing. Sisco reported the stolen items to the police that same day.

Sisco testified that she owned an iPhone but had loaned it to Anthony. After Sisco learned about the thefts from her home, she and Anthony went to a convenience store. At that time, Sisco's iPhone was in Anthony's pocket. Sisco said that on the way home from the store, she asked Anthony if he had returned her phone to her and that he told her, "'[Y]eah, Lacey, I gave it to you when I got back in the car.'" Anthony suggested to Sisco that she had left the phone on the hood of her car and had driven away from the store without retrieving it. On October 13, 2012, Sisco reported to Officer Brent Bridges that her iPhone also was missing.

On cross-examination, Sisco testified that when she discovered the iPhone was missing, she and Anthony returned to the convenience store but could not find the phone.

Sisco told Officer Bridges that her iPhone was either missing or had been stolen and gave him the phone's serial number. On January 5, 2012, Sisco learned from Deputy Chris Himes that her phone had been recovered. The police returned the phone to her in March 2012. Sisco said that the phone had been charged, that her information had been "cleaned off," and that the phone contained music and a few pictures that did not belong to her. She said she never gave the appellant permission to possess her phone. Upon being questioned by the trial court, Sisco testified that she did not think Anthony returned the phone to her.

On redirect examination, Sisco testified that the phone was in her ex-boyfriend's name but that she paid for the phone. Sisco told the police that she did not know whether she left the phone on the hood of her car or Anthony stole it. She acknowledged that she did not think the appellant stole the phone.

Officer Brent Bridges of the Hohenwald Police Department testified that he took a report from Lacey Sisco about the missing iPhone and that Sisco "thought it had been stolen but she was not for sure." On cross-examination, Officer Bridges testified that Sisco suspected Anthony had taken the phone. Deputy Bridges did not talk with Anthony.

Investigator Johnny Hilburn of the Lewis County Sheriff's Department (LCSD) testified that on January 5, 2012, he and other officers were investigating possible drug activity at a home on Fan Street in Hohenwald and executed a search warrant at the residence. During the search, they found drugs, drug paraphernalia, and various electronic devices. The appellant and a small cellophane package containing a small amount of cocaine were in the living room. Investigator Hilburn searched the appellant's vehicle and noticed that the center console was loose. He stated that a vehicle's center consol was usually fastened tightly to the vehicle's floorboard and was a "common location for hiding items either directly in the console or under the console to keep it from being easily visible in plain view." Investigator Hilburn looked under the console and found an iPhone.

On cross-examination, Investigator Hilburn testified that the home did not belong to the appellant and that the police did not find any drugs on the appellant's person. He acknowledged that Corey Anthony was a known drug user and that he had arrested Anthony previously.

Officer Josh Keltner of the LCSD testified that he participated in the execution of the search warrant at the home on Fan Street. During the search, Investigator Hilburn found an iPhone in the appellant's vehicle. The appellant received Miranda warnings, and Officer Keltner talked with him about the phone. Officer Keltner said the appellant claimed that the phone was his and that he had "just got it activated in Columbia because his other one had broke." The appellant did not identify from whom he obtained the phone, and Officer

Keltner did not ask the appellant. On cross-examination, Officer Keltner acknowledged that he had no reason to think the appellant stole the iPhone.

Deputy Chris Himes of the LCSD testified that he participated in the execution of the search warrant on Fan Street and that an officer asked him if he was related to Lacey Sisco. Deputy Himes told the officer no but that his wife was related to her. Officers told Deputy Himes that they had found a camera with pictures on it, and Deputy Himes told them that a camera and other items, including an iPhone, had been stolen from Sisco. Officer Keltner revealed to Deputy Himes that the officers also had found an iPhone. Deputy Himes spoke with Sisco and determined that the iPhone belonged to her.

At the conclusion of the State's proof, the trial court found that when the officers recovered Sisco's iPhone, it was in the appellant's possession and control and that the appellant had not received consent from Sisco to exert control over her phone. The trial court then concluded as follows:

> That taken in conjunction with the testimony of the other law enforcement officers, particularly Deputy Keltner with the Sheriff's Department, that the defendant gave a statement admitting he had taken the phone and called it his and activated it in Maury County or Columbia because his other one has been broken. When all of that testimony is weighed against a preponderance of the evidence, the Court can conclude that the State has established that this defendant is in violation of probation by violating Rule 2 of Exhibit No. 1, the terms and conditions of probation.

## II. Analysis

The appellant contends that the trial court abused its discretion by revoking his probation because the State failed to prove that the iPhone was stolen as opposed to lost or that he had any connection to the theft of the phone. The appellant also contends that the trial court erroneously stated that the appellant admitted to Investigator Keltner that he took the phone. The State argues that the record supports the trial court's finding of theft by the appellant and, therefore, that the trial court properly revoked the appellant's probation. We agree with the State.

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310, -311(e); State

v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); see State v. Pollard, 432 S.W.3d 851, 864 (Tenn. 2013) (concluding that abuse of discretion with a presumption of reasonableness is the appropriate standard of appellate review for all sentencing decisions). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The State sought to revoke the appellant's probation based only on the theft charge. "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103.

The evidence at the revocation hearing established that the appellant exercised control over Sisco's iPhone without her effective consent. An officer found the phone in the appellant's vehicle, and the appellant admitted that he activated the phone. Moreover, the trial court could infer from the fact that the phone was hidden underneath the vehicle's center console that the appellant knew the phone was stolen. We note that the appellant did not offer Officer Keltner an explanation as to how he obtained the phone. See State v. Steven Van Tucker, No. W2010-01943-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 259, at **19-20 (Jackson, Apr. 25, 2012) (relying on State v. James, 315 S.W.3d 440, 457 (Tenn. 2010), for the proposition that "possession of recently stolen property, unless satisfactorily explained, creates a permissible inference that the defendant gained possession through theft or had knowledge that the property had been stolen").

The trial court never stated that the appellant admitted stealing the phone. Instead, the trial court said that the appellant "admitt[ed] he had taken the phone and called it his and activated it." In our view, the trial court meant that the appellant admitted taking possession and ownership of the phone and activating it. The evidence supports the trial court's conclusion, and we conclude that the trial court did not abuse its discretion by revoking the appellant's probation.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-5-