IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2015

**STATE OF TENNESSEE v. CASEY DUPRA DRENNON**

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-69486     David M. Bragg, Judge**

_____

**No. M2014-02366-CCA-R3-CD – Filed October 23, 2015**

_____

The appellant, Casey Dupra Drennon, pled guilty in the Rutherford County Circuit Court to aggravated assault, a Class C felony, and received a seven-year sentence with credit for 149 days already served and the remainder on supervised probation. On appeal, the appellant contends that the trial court erred by revoking his probation and ordering that he serve the remainder of his sentence in confinement. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Russell N. Perkins, Murfreesboro, Tennessee, for the appellant, Casey Dupra Drennon.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Jennings Hutson Jones, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On April 23, 2013, the appellant pled guilty to aggravated assault, a Class C felony. Pursuant to the plea agreement, he was sentenced as a Range II, multiple offender to seven years with credit for 149 days already served in jail and the remainder on supervised probation. The appellant also was to continue receiving treatment at The

Guidance Center, pay $50 per month in restitution to the victim, and pay court costs and fines. In return for the plea, a charge of domestic assault was dismissed. On April 25, 2014, the trial court signed a probation violation warrant on the basis that the appellant had failed to report to his probation officer since January 21, 2014, and had failed to pay restitution, court costs, and fines.

At the appellant's November 13, 2014 probation revocation hearing, Chris Carter testified that he was employed by the Tennessee Department of Correction's Murfreesboro Probation Office and that he used to supervise the appellant. The appellant was originally placed on probation for aggravated assault. As conditions of his probation, he was ordered to pay $18,200 to the victim at $50 per month, have no contact with the victim, and attend treatment at The Guidance Center. Subsequently, the appellant received an additional four-year probation sentence "for Schedule II drugs." The appellant was to serve the four-year sentence consecutively to the seven-year sentence for a total effective sentence of eleven years.

Carter testified that the appellant was released from jail on December 27, 2013, and reported to the Murfreesboro Probation Office in January 2014. The appellant stated that he had moved to Davidson County, so Carter submitted a transfer request to the Davidson County Probation Office. A home visit was conducted in Davidson County to verify that the appellant lived there, and a date was scheduled for the appellant to report to the Davidson County office. However, the appellant failed to report, so the transfer request was denied. Carter filed a second transfer request, and a second report date was scheduled in Davidson County. The appellant again failed to report, so the transfer request again was denied. Carter said that he had not seen the appellant since January 21, 2014, and that, to his knowledge, the appellant had not paid anything toward his court costs, fees, or restitution. Carter also did not think the appellant was employed.

On cross-examination, Carter acknowledged that there were two probation offices in Davidson County: one on Dickerson Road and one on Blanton Avenue. He said that according to his records, an officer from the Blanton Avenue office conducted the appellant's home visit and gave the appellant a card with the correct office address and a reporting date of April 14, 2014. The appellant's probation officer at the Blanton Avenue office would have been Rhonda Smith-Graham. The appellant claimed he reported to the office on Dickerson Road on April 14 and was told to report to the office on Blanton Avenue on April 15. Carter said he did not know if the appellant actually reported to the office on Dickerson Road on April 14.

The appellant testified that he was "in the midst of moving" and that his mother had "passed away" when he was placed on probation. He said that his probation officer was in Murfreesboro but that he "got them to transfer it to Nashville." The appellant

missed his first scheduled report date, so it was rescheduled. The appellant reported to the probation office on Dickerson Road as scheduled but was told to go to the office on Murfreesboro Road. When he arrived at the office on Murfreesboro Road, his probation officer came to the front desk, told him that she had his paperwork, and told him that she could not see him that day. The appellant asked to leave his cellular telephone number with her, and she said she would "put it in the computer." She also told him not to come back and that she would let him know when she was ready for him to come in. The appellant later learned that "they violated me." He maintained that he went to the probation office on Murfreesboro Road.

On cross-examination, the appellant testified that when he requested to transfer his probation office to Davidson County, he gave his Nashville address as the Awareness House on Rockville Road. He said that he reported to the probation office on Murfreesboro Road just one time and that he did not know the name of his probation officer. He said he did not return because she told him, "[D]on't come back until I get in touch with you."

Chris Carter testified on rebuttal for the State that the appellant gave his Nashville address as 3303 Hawkwood Lane. He said a probation office had never been on Murfreesboro Road.

Lucy Kilburn testified that she worked for the Tennessee Department of Correction's Murfreesboro Probation Office as a liaison between the office and the court. Two probation offices were located in Nashville: one on Dickerson Road and one on Blanton Avenue. A probation office had never been on Murfreesboro Road.

The trial court found that the appellant violated his probation by failing to report. The court ordered that he serve his seven-year sentence in confinement and that upon completion of his sentence, he be placed back on probation to serve his remaining four-year sentence.

## II. Analysis

The appellant claims that the trial court abused its discretion by revoking his probation because he committed "only technical violations and did not commit any new offenses." He also argues that the court should have considered some other form of alternative sentencing rather than ordering him to serve his sentence in confinement because his failure to report was due to his confusion about when and where to report and the probation officer's telling him not to report again until she contacted him. The State contends that the trial court properly revoked the appellant's probation and ordered him to serve his sentence in confinement. We agree with the State.

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); see State v. Pollard, 432 S.W.3d 851, 864 (Tenn. 2013) (concluding that abuse of discretion with a presumption of reasonableness is the appropriate standard of appellate review for all sentencing decisions). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The appellant acknowledges that he failed to report to his probation officer. Therefore, the trial court did not abuse its discretion by revoking his probation. Moreover, this court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Thus, the trial court did not err by ordering that the appellant serve the balance of his seven-year sentence in confinement.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.


_____
NORMA MCGEE OGLE, JUDGE

- 4 -