**STATE of Tennessee, Appellee,**

v.

**Robert J. LEACH, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 30, 1995.

Virginia Lee Story, Franklin, for appellant.

Charles W. Burson, Attorney General and Reporter, Lynn Cashman, Assistant Attorney General, Criminal Justice Division, Nashville, Joe D. Baugh, Jr., District Attorney General, and Derek Smith, Assistant District Attorney General, Franklin, for appellee.

WELLES, Judge.

## OPINION

The Defendant appeals as of right from the judgment of the trial court which found him to be in violation of the terms of the probation he was serving for two separate, non-related convictions. The trial judge determined that the two prior sentences were being served consecutively to each other and ordered the Defendant incarcerated for the balance of the sentences. We affirm the action of the trial judge.

On September 28, 1992, upon his pleas of guilty, the Defendant was convicted in Williamson County Circuit Court of two counts of selling cocaine and one count of conspiracy to sell cocaine. For these convictions, the Defendant was sentenced to three concurrent terms of three years each in the Department of Correction, with each sentence suspended after service of one hundred twenty days. The Defendant was also fined twenty-five hundred dollars for each conviction. The sentencing judge for these convictions was the Honorable Henry D. Bell.

On April 19, 1993, upon his plea of guilty, the Defendant was convicted in Williamson County Circuit Court of selling counterfeit drugs. For this offense the Defendant was sentenced to two years in the Department of Correction, with said sentence suspended after service of thirty days. This judgment of conviction did not recite whether this sentence was consecutive to or concurrent with the prior sentences. The Defendant was fined one thousand dollars. The sentencing judge for this conviction was the Honorable Donald P. Harris.

A probation violation warrant was issued on August 2, 1993 and amended on January 20, 1994. The amended warrant charged that the Defendant had violated the terms of both sentences of probation in that the Defendant failed to report an arrest to his probation officer, failed to maintain employment, failed to pay his fine and costs, failed to report to his probation officer, and failed to obey the laws. A hearing on the amended probation revocation warrant was conducted by the Honorable Cornelia A. Clark. At the conclusion of this hearing, Judge Clark found that the Defendant was in violation of the conditions of his probation in all four sentences. She further determined that the Defendant should be incarcerated for the balance of his sentences. She also determined that the sentence imposed on April 19, 1993 for the offense of selling counterfeit drugs was deemed to be a consecutive sentence pursuant to Rule 32(c)(2) of the Tennessee Rules of Criminal Procedure. It is from the judgment of Judge Clark that the Defendant appeals.

The Defendant argues three issues on this appeal: (1) That the trial court erred and abused its discretion in revoking the Defendant's probation; (2) that the trial court erred in ordering the sentence to be served in the Department of Correction rather than on some other alternative to incarceration; and (3) that the trial judge erred in determining that the sentences were to be served consecutively.

 "In determining whether to revoke probation, the trial judge need not find a violation of the terms of the probation has occurred beyond a reasonable doubt. The evidence need only show the trial judge has exercised conscientious judgment in making the decision rather than acting arbitrarily." *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim.App.1980), *perm. to appeal denied, id.* (Tenn.1981). "In reviewing the findings of the trial judge, the judgment of the trial court is given the weight of a jury verdict." *Id.*

 Both the granting and revocation of a suspended sentence rest in the sound discretion of the trial judge. *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn.Crim.App.1991). The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision. *Id.*

 The judgment of the trial court will not be disturbed on appeal unless it appears that there has been an abuse of discretion. For an appellate court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge

that a violation of the conditions of probation has occurred. *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn.1991).

■ The Defendant conceded at the trial level and also concedes on appeal that he was in fact in violation of the terms of his probation. The record clearly supports the findings of the trial judge that the Defendant failed to maintain employment, failed to pay his costs and fine as ordered, and failed to report to his probation officer as directed. The trial court also noted and the record supports a finding that the Defendant failed to report in a timely manner to his probation officer that he had been arrested for another charge, although the trial court discounted this factor because the charge was subsequently dismissed.

From our review of the evidence presented at the probation revocation hearing, we conclude that there is ample evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. The record also clearly shows that the trial judge exercised conscientious judgment in making the decision rather than acting arbitrarily. This issue has no merit.

■ The Defendant next argues that the trial court erred in failing to allow him to serve the balance of his sentence on intensive probation or some other sentence alternative rather than incarceration. When there is a challenge to the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption the determinations made by the trial court are correct. Tenn.Code Ann. § 40–35–401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn.1991). The Sentencing Commission comments provide that the burden is on the appellant to show the impropriety of the sentence.

■ For two separate felony drug convictions, the Defendant had been given the opportunity to complete his sentences on probation. Two separate times he had been allowed a sentence alternative in the form of split confinement. The record reflects also that at the time of the probation revocation hearing, the Defendant had a new charge of assault pending against him in the General Sessions Court of Williamson County. We are unable to conclude that the trial judge erred or abused her discretion in ordering that the Defendant be incarcerated for the balance of his sentences.

The Defendant also argues that the trial judge erred in determining that the sentence imposed on April 19, 1993 was deemed to be consecutive to his prior sentences pursuant to Rule 32(c)(2) of the Tennessee Rules of Criminal Procedure, which provides as follows:

> Sentence When Defendant Has Prior Sentence Not Fully Served.—If the defendant has additional sentences not yet fully served as the result of convictions in the same court or in other courts of this state and if this fact is made known to the court prior to sentencing, the court shall recite this in the judgment setting sentence, and the sentence imposed shall be deemed to be concurrent with the prior sentence or sentences, unless it affirmatively appears that the new sentence being imposed is to be served consecutively with the prior sentence or sentences. The judgment to make the sentences consecutive or concurrent shall explicitly recite the judge's reasons therefor, and is reviewable on appeal. *Should prior unserved in-state sentences not be called to the attention of the trial judge by or on behalf of the defendant at the time of sentencing, and set out in judgment setting the new sentence, the new sentence shall be deemed to be consecutive to any such undisclosed prior unserved sentence or sentences;* and this rule shall also apply when the defendant is convicted of a misdemeanor while on parole from a prior sentence, and the parole is subsequently revoked. If the defendant has additional sentences or portions thereof to serve, as the result of conviction in other states or in federal court, the sentence imposed shall be consecutive thereto unless the court shall determine in the exercise of its discretion that good cause

**108**

exists to run the sentences concurrently and explicitly so orders. (emphasis added)

 At the time the Defendant was sentenced on April 19, 1993, there is nothing in the record to suggest that his prior unserved in-state sentences were called to the attention of the trial judge on behalf of the Defendant at the time of sentencing. It is clear from the record that the prior unserved in-state sentences were not set out in the judgment setting his new sentence. The trial judge thus determined that pursuant to this rule, the Defendant's second sentence was deemed to be consecutive to his prior sentences.

The trial judge expressed her concern that the application of this rule to the Defendant might be unfair if the prior unserved sentences were in fact disclosed to the judge at the time the second sentence was ordered. The rule places the burden on the Defendant to call the attention of the trial judge to the prior unserved in-state sentences and make sure the sentences are set out in the judgment setting the new sentence if the new sentence is to be served concurrent with rather than consecutive to the prior sentence.

The reason for this rule is obvious. If the trial court judge had been made aware of the Defendant's prior unserved sentence, he may or may not have agreed to allow the Defendant a second sentence of confinement followed by probation, even if this had been the recommendation of the State. We conclude that the trial judge was correct in determining that the sentence imposed on the Defendant on April 19, 1993, was to be served consecutively to the sentences imposed on September 28, 1992.

The judgment of the trial court is affirmed.

WADE, J., and WILLIAM S. RUSSELL, Special Judge, concur.