IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1999 SESSION

FILED

July 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9807-CC-00231 |
| Appellee, | ) | |
| | ) | Carroll County |
| v. | ) | |
| | ) | Honorable Julian P. Guinn, Judge |
| MICHAEL ALLEN HATCHEL, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |

FOR THE APPELLANT:

James H. Bradberry
P. O. Box 789
Dresden, TN  38225

FOR THE APPELLEE:

Paul G. Summers
Attorney General & Reporter

Patricia C. Kussmann
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

G. Gus Radford
District Attorney General

Eleanor Cahill
Assistant District Attorney General
111 Church Street
P. O. Box 686
Huntingdon, TN  38344-0686

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The appellant, Michael Allen Hatchel, herein referred to as "the defendant," appeals as of right from the judgment of the Carroll County Circuit Court revoking his probation. He presents one appellate issue: whether the trial court abused its discretion in revoking the defendant's probation within one month of the defendant completing his original term.

After a review of the record, briefs of the parties, and appropriate law, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

The Carroll County grand jury returned a two-count indictment against the defendant for passing two worthless checks, on January 18, 1995, and January 23, 1995, to the Tri-County Electric Company in the amounts of $701.46 and $1042.45. On July 12, 1995, the defendant entered a plea of guilty to passing both worthless checks. As per the plea agreement, the trial court imposed concurrent two-year sentences for each offense and placed the defendant on supervised probation for two years, with restitution and court costs to be paid on July 12, 1995.

On May 20, 1996, a probation violation report was filed with the trial court, alleging a violation of probation based on the defendant's conviction on March 27, 1996, for theft under $500 in Weakley County. For that conviction, the court sentenced the defendant to six months, suspended the sentence, and ordered the defendant to pay restitution and court costs of $575.50. On July 24, 1996, at the probation revocation hearing, the trial court found the defendant had violated the conditions of his probation and, in lieu of confinement, extended the defendant's probation for one year, for a total of three years supervised probation.

On April 8, 1998, a second probation violation report was filed with the trial court.

2

The report reveals the defendant entered a plea of guilty in the Weakley County Circuit Court on April 3, 1998, to theft of property over $10,000. The defendant had disposed of certain property, to wit, various appliances, belonging to Renter's Choice between June and December, 1997. The defendant was sentenced to six years at the Westate Corrections Network after serving three months in the Weakley County Jail. The defendant was ordered to pay restitution of $19,327.31.

## REVOCATION HEARING

At the conclusion of a probation revocation hearing on June 25, 1998, the trial court revoked the defendant's probation and ordered confinement in the Department of Correction. Ms. Michelle Ladd, probation officer, testified she verified the defendant's convictions of January, 1996, and April, 1998. As of the date of the hearing, June 25, 1998, the defendant had not made any restitution payments to Renter's Choice.

The defendant testified he is a resident of Martin, Tennessee, and self-employed owner of Mike's Appliances for seventeen years. The defendant is married and has three children. The defendant was still in custody on his three-month sentence in the Weakley County Jail. The defendant testified that, if given split confinement, he could still work and make restitution. The defendant's wife is employed at Dairy Queen. The defendant admitted he violated the conditions of his probation. The defendant testified he was remorseful, stating, "I'm -- I guess the best word is I'm broke, I'm done. I'm tired of -- I just want to go on, just get it all behind me."

Roy Harper, the defendant's father-in-law, testified that he trained the defendant in the appliance repair business and often works part-time with the defendant. The defendant would only be able to pay his bills and make restitution if he were allowed some type of split confinement.

Based upon this evidence, the trial court revoked the defendant's probation and

ordered confinement in the Department of Correction.

**LEGAL ANALYSIS**

The defendant contends the trial court abused its discretion in revoking his probation one month before his probation term was to expire. The state counters there was ample evidence for the trial court to revoke the defendant's probation.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that a person has violated the conditions of probation. Tenn. Code Ann. § 40-35-311 (Supp. 1998). The judgment of the trial court will not be disturbed on appeal unless it appears that there has been an abuse of discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). For an appellate court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred. *Id.* The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision to revoke probation. *Id.*; *State v. Leach,* 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The defendant argues that the trial courts and other tribunals in the criminal justice system routinely take into consideration time served in various capacities. He further argues that, if he were incarcerated, his family would lose its primary support, and he would be unable to comply with the orders of the Weakley County Circuit Court as to restitution. However, we must balance this argument and the evidence with the reasons why the trial court believed it necessary to revoke the defendant's probation. In its ruling, the trial court commented on the defendant's two theft convictions, one of which was a serious felony involving a substantial amount of money. The defendant's probation was extended to continue rehabilitation. The trial court held:

> In this case the Court feels that it has gone out of its way to
> give Mr. Hatchel every reasonable opportunity to conform his

4

behavior to the requirements of the law.  Despite that, his history of supervision is, quite simply -- it just doesn't meet the standards that would be expected. He seems to get in trouble at the drop of a hat.

It is obvious the trial court, in its ruling, was frustrated with the defendant's disregard of the conditions of probation.  Therefore, based on the evidence in this record, we cannot find the trial court abused its discretion in ordering the defendant to serve the sentences imposed.

The trial court's judgment is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
DAVID G. HAYES, JUDGE