# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1999 SESSION

FILED

July 26, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9901-CC-00019 |
| Appellee, | * | Blount County |
| VS. | * | Honorable D. Kelly Thomas, Jr., Judge |
| **RICHARD D. REAGAN,** | * | (Probation Revocation) |
| Appellant. | * | |

FOR THE APPELLANT:

JULIE A. RICE
Contract Appellate Defender
P.O. Box 426
Knoxville, TN  37901-0426

RAYMOND MACK GARNER
District Public Defender
419 High Street
Maryville, TN  37804

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ERIK W. DAAB
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

MICHAEL L. FLYNN
District Attorney General

EDWARD P. BAILEY, JR.
Assistant District Attorney General
363 Court Street
Maryville, TN  37804-5906

OPINION FILED: _____

**AFFIRMED - RULE 20**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Richard D. Reagan, appeals the revocation of his probation, arguing that he was physically unable to comply with the terms thereof. We AFFIRM the judgment of the trial court.

On April 22, 1998, the defendant pleaded guilty to public intoxication, a third offense of driving under the influence of an intoxicant (DUI), violation of the Habitual Motor Vehicle Offender Act (HMVO), and two counts of aggravated assault. The trial court sentenced him to ten days for the public intoxication, eleven months and twenty-nine days for the DUI, one year for the HMVO, and three years for each aggravated assault. The trial court ordered these sentences to run consecutively except that the DUI and HMVO sentences were to run concurrently with each other and consecutively to all other sentences. Thus, the defendant received an effective sentence of seven years and ten days.[1] The trial court granted immediate intensive probation on all counts.

On June 11, 1998, the trial court executed a probation violation warrant and the defendant was arrested. At the subsequent hearing, the defendant's probation officer testified that the defendant failed to comply with the terms of his probation on at least three occasions: he failed to meet with his probation officer as directed April 25, 1998; he failed to report for hospital treatment as his probation required; and, after he did later report to the hospital, he failed to report to his probation officer upon being discharged. The proof further showed that the defendant has severe mental and physical difficulites that may contribute to his inability to comply with the terms of his probation.

---

[1]

In their briefs to this Court, both the state and the defendant calculate an effective sentence of four years. Although the state does not expound on its calculation, the defendant's Statement of the Case reveals his misconception that the two aggravated assault sentences were to run concurrently with each other and consecutively to the concurrent DUI and HMVO sentences. The record reveals that the trial judge at the revocation hearing also believed that the defendant's effective sentence was four years.

The trial court revoked the defendant's probation and ordered that he serve the remainder of his sentences in the Tennessee Department of Correction. In doing so, the trial judge observed the defendant's physical and mental limitations and expressed hope that the defendant would be admitted to the Special Needs Unit where he could get the physical, psychiatric, and emotional treatment he needs.

The defendant does not contest that he violated his probation. He argues, however, that his mental and physical state precluded his compliance and that any violations were not willful.

On appeal of probation revocation proceedings, this Court will not disturb the trial court's judgment unless the record shows that the trial court abused its discretion. See State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). In order to find that the trial court abused its discretion, we must conclude that the record contains no substantial evidence in support of the trial court's conclusion. See id. "Proof of a probation violation need not be established beyond a reasonable doubt, but is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." See State v. Harkins, 811 S.W.2d 79, 82 (1991).

The evidence supports the findings of the trial court, and we find no error of law mandating reversal. Therefore, pursuant to Rule 20 of the Court of Criminal Appeals, we AFFIRM the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

-4-

_____
JAMES CURWOOD WITT, JR., Judge

_____
ALAN E. GLENN, Judge