IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 2, 2010

**STATE OF TENNESSEE v. PHIL FULLER**

**Direct Appeal from the Circuit Court for Marshall County**
**No. 14142      Robert Crigler, Judge**

**No. M2009-01829-CCA-R3-CD - Filed August 4, 2010**

The defendant, Phil Fuller, appeals the sentencing decision of the Marshall County Circuit Court following the revocation of his probationary sentence. While on supervised probation, a violation warrant was issued alleging multiple violations of the defendant's probationary agreement. The defendant subsequently waived his right to a hearing and pled guilty to the violations. Afterwards, the trial court revoked the defendant's probation and ordered that the balance of the original effective sentence of three years and three months be served in confinement. On appeal, the defendant does not contest the trial court's revocation but argues that the court erred in ordered him to serve the sentence in confinement rather than in fashioning a sentence involving split confinement. However, after review, we conclude that the defendant has failed to establish that the trial court abused its discretion. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN, J., joined. JOSEPH M. TIPTON, P.J., concurred in results only.

Donna Orr Hargrove, District Public Defender, and Michael J. Collins, Assistant Public Defender, for the appellant, Phil Fuller.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulaney Faughn, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

In July, 2000, the defendant pled guilty, as a Range I offender, to two counts of aggravated assault, a Class C felony. The trial court subsequently imposed concurrent sentences of three years and three months, which were suspended to ten years of probation following the service of one hundred-fifty days in jail. Additionally, the court ordered that the first year of the defendant's probation be supervised by Community Corrections.

In May, 2001, a probation violation warrant was issued when the defendant failed to report. After a July hearing, the trial court found that the defendant had violated the terms and conditions of his probation, revoked the probation, and ordered him to serve one hundred-eighty days in jail on weekends. Afterwards, probation was to be reinstated.

In June, 2009, a second probation violation warrant was issued, alleging that the defendant had violated the agreement by: (1) failing to obey the laws of the State as he was arrested and charged with DUI and violation of the implied consent law; (2) failing to promptly report his new arrest; (3) owning or possessing a firearm; and (4) using intoxicants to excess. At the subsequent hearing, the defendant admitted to the violations, waiving his right to a hearing on that issue, but reserved the right to argue regarding disposition of the sentence and the proper amount of jail credit. No evidence was presented at the hearing. After hearing the arguments, the trial court found that the defendant was guilty of violating his probation, revoked the probationary sentence, and ordered that the remainder of the sentence be served in confinement. The defendant has timely appealed the imposition of the sentence of confinement.

**Analysis**

On appeal, the defendant contends that the trial court "improperly required the defendant to serve the balance of his sentence for violating the terms of his probation." He asserts that to require him to serve the balance of his sentence, when he complied with his probationary sentence for eight of the ten years prior to this revocation, is excessive. He argues that the court "should have fashioned a sentence involving a split sentence with either community corrections or more probation." The defendant does not contest the court's finding that he did, in fact, violate the terms and conditions of his probationary sentence.

Though not challenged by the defendant, we note that the record adequately supports the trial court's decision to revoke probation, as the record establishes that the court exercised conscientious and intelligent judgment in reaching its decision. *See State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)). As noted, the defendant pled guilty to the multiple violations of the probationary agreement, thus admitting that the violations had occurred. By acknowledging the violations, the defendant conceded an adequate basis for finding that he

had violated the terms of his probation.

On appeal, the defendant's argument is essentially that the court acted too harshly by requiring him to serve the balance of his sentence in confinement rather than imposing another alternative sentence when he had complied with the terms of his probation for a number of years. However, case law is clear that, upon finding by a preponderance of the evidence that a defendant has violated the terms of probation, the trial court is authorized to order that defendant to serve the balance of the original sentence in confinement. T.C.A. § 40-35-310, -311(e) (2006); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In this case, the trial court properly found that multiple violations had occurred, and the defendant has failed to establish that the court abused its discretion in ordering confinement for the balance of the original sentence. Having concluded that no abuse of discretion has been established, the judgment of the trial court is affirmed.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the Marshall County Circuit Court.

_____
JOHN EVERETT WILLIAMS, JUDGE