IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2013

**STATE OF TENNESSEE v. CHAD WALTER COOK**

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 254751, 254759     Rebecca J. Stern, Judge**

**No. E2013-01563-CCA-R3-CD - Filed January 23, 2014**

The appellant, Chad Walter Cook, pled guilty in the Hamilton County Criminal Court to two counts of selling one-half gram or more of methamphetamine and received an effective eight-year sentence to be served on supervised probation. Subsequently, the trial court revoked his probation and ordered that he serve his sentences in confinement. On appeal, the appellant contends that the trial court abused its discretion by revoking his probation and ordering him to serve his original sentences. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, PJ., and ROGER A. PAGE, J., joined.

Ardena J. Garth and Richard Kenneth Mabee (on appeal) and Blake Murchison (at trial), Chattanooga, Tennessee, for the appellant, Chad Walter Cook.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; William H. Cox, III, District Attorney General; and Matthew Rogers, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On February 28, 2007, the appellant pled guilty to two counts of selling one-half gram or more of methamphetamine, a Class B felony. Pursuant to the plea agreement, the trial court sentenced him as a Range I, standard offender to concurrent sentences of eight years to be served on supervised probation.

On May 24, 2012, the appellant's probation supervisor filed a probation violation report, claiming that the appellant violated his probation by failing to obtain employment, failing to reveal where he was living, failing to report, testing positive for opiates and marijuana, and failing to make payments toward court costs. The trial court issued a probation violation warrant, and the appellant was arrested.

At the probation revocation hearing, Julia Fielding of the Tennessee Department of Correction Probation and Parole testified that she was the appellant's probation supervisor. The appellant originally was placed on probation on February 28, 2007. On January 3, 2011, the trial court revoked his probation, ordered that he be confined until February 1, 2011, and placed him back on probation. The appellant's probation was revoked again on September 26, 2011. The trial court ordered that he be confined until December 23, 2011, and placed him back on probation. Each time the appellant was placed back on probation, his case was transferred to the probation office in McNairy County.

Fielding testified that on May 24, 2012, she filed a probation violation report due to the appellant's failing to obtain employment or failing to provide proof that he had been seeking employment, failing to notify her of his most recent address, failing to report since March 27, 2012, testing positive for marijuana and opiates on March 27, 2012, and failing to pay court costs. She said she also thought the appellant was the defendant in a sealed indictment in McNairy County.

On cross-examination, Fielding acknowledged that because the appellant's case was transferred to McNairy County, she did not directly supervise him and that she filed the May 24, 2012 probation violation report based on information she received from the probation office in McNairy County. She also acknowledged that the appellant had never reported to her in person, that she did not administer the March 27, 2012 drug test to him, and that she did not witness him take the test. She stated that on a form signed by the appellant, he admitted using drugs. However, Fielding did not witness him sign the form, and he did not make any statements to her in which he admitted using drugs. The appellant was supposed to report his address to his probation officer in McNairy County, not Fielding.

The appellant testified in his own behalf that he notified his probation officer in McNairy County about his address and that she drove by his house. He acknowledged that he tested positive for drugs and stated that he had a drug problem. He said he began using morphine in 2008 and used it every day for years. He began using methamphetamine in 2004 and also used it daily. He said that he needed drug treatment because his wife had lost custody of their daughter while he was in jail for this most recent probation violation and that he was trying to regain custody. He said that he had lost everything he owned, that losing custody of his daughter was "killing" him, and that he had learned his lesson. He said he was

going to work with his father and brother at Medaris Heating and Air and would be living at his grandmother's house. At the conclusion of his testimony, he stated, "This will be my last time, I know that. I'm going to do right and get in treatment and just stay away from anything that's drug related."

On cross-examination, the appellant acknowledged that the trial court had revoked his probation on three previous occasions. However, he never served time in the penitentiary.

At the conclusion of the hearing, the trial court stated that it understood drug addiction but that the appellant had "had too many chances." The trial court noted that the appellant could have been dealing with his drug problem but failed to do so. The trial court revoked his probation and ordered that he serve his original sentences in confinement with credit for time served. According to an order filed by the trial court, it revoked the appellant's probation based upon the five violations alleged in the probation violation report.

## II. Analysis

The appellant contends that the trial court erred by revoking his probation because he had "served a considerable time already," had employment waiting, would be living in Hamilton County, and had taken steps to get drug treatment. He contends that the trial court should have ordered that he serve eleven months, twenty-nine days in confinement and placed him back on probation with additional conditions for drug treatment. The State argues that the trial court did not abuse its discretion. We agree with the State.

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); see State v. James Allen Pollard, ___ S.W.3d ___, No. M2011-00332-SC-R11-CD, 2013 Tenn. LEXIS 1011, at *33 (Nashville, Dec. 20, 2013) (concluding that abuse of discretion with a presumption of reasonableness is the appropriate standard of appellate review for all sentencing decisions). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

At the revocation hearing, the appellant admitted testing positive for drugs. Accordingly, the trial court did not err by revoking his probation and ordering that he serve

his original sentences in confinement. The appellant contends that the trial court should have ordered a period of split confinement and placed him back on probation with conditions for drug treatment. However, the appellant's repeated violations and continued drug use indicate that he has poor potential for rehabilitation. Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 136, at *7 (Nashville, Feb. 11, 2002). Therefore, the trial court did not abuse its discretion by revoking the appellant's probation and ordering that he serve his effective eight-year sentence in confinement.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE