IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2016

## STATE OF TENNESSEE v. SHARRIS NICOLE THOMPSON

**Direct Appeal from the Circuit Court for Lawrence County
Nos. 28118, 28187, 28188, 28189    Stella Hargrove, Judge**

_____

### No. M2015-02014-CCA-R3-CD – Filed July 20, 2016

_____

The appellant, Sharris Nicole Thompson, pled guilty in the Lawrence County Circuit Court to theft of property valued $1,000 or more but less than $10,000; misappropriation of rental property valued $1,000 or more but less than $10,000; three counts of theft of property valued $500 or less; and one count of misappropriation of rental property valued $500 or less and ultimately received an effective four-year sentence to be served on probation. Subsequently, the trial court revoked probation and ordered that the appellant serve her effective sentence in confinement. On appeal, the appellant contends that the trial court abused its discretion by denying her request for alternative sentencing. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Brandon E. White (on appeal), Columbia, Tennessee, and R.H. Stovall, Jr. (at trial), Pulaski, Tennessee, for the appellant, Sharris Nicole Thompson.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Brent A. Cooper, District Attorney General; and Christi Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In November 2009, the appellant pled guilty to theft of property valued $1,000 or more but less than $10,000, a Class D felony; misappropriation of rental property valued $1,000 or more but less than $10,000, a Class D felony; three counts of theft of property valued $500 or less, a Class A misdemeanor; and one count of misappropriation of rental property valued $500 or less, a Class A misdemeanor. Pursuant to the plea agreement, she was to receive two-year sentences for the felonies, to be served consecutively, and sentences of eleven months, twenty-nine days for the misdemeanors, to be served concurrently with each other and the felonies, for a total effective sentence of four years. The trial court granted the appellant's request for judicial diversion and placed her on probation for four years.

In September 2010, a probation violation report was filed, alleging that the appellant violated probation by being arrested for possession of marijuana, leaving Lawrence County and Tennessee without her probation officer's permission, failing to report on September 8, 2010, and failing to pay court costs. In April 2011, the trial court found that the appellant had violated probation, revoked judicial diversion, and imposed the effective four-year sentence to be served on supervised probation. In January 2012, a second probation violation report was filed, alleging that the appellant violated probation by failing to obtain employment, failing to report to her probation officer in December 2011, failing to attend an Administrative Case Review on January 11, 2012, and failing to make a payment to the court in December 2011.

The appellant was not arrested for the probation violation until August 6, 2015. At the probation revocation hearing in September 2015, Beth Ladner of the Board of Probation and Parole testified that the appellant violated probation by failing to obtain employment, failing to report in December 2011, failing to report as scheduled for an Administrative Case Review hearing, and failing to make payments toward her fines and costs. Ms. Ladner acknowledged that she never supervised the appellant, that she had no personal knowledge about the alleged violations, and that she was basing her testimony on the probation violation report. Ms. Ladner said she recognized the appellant and identified her in the courtroom.

On cross-examination, Ms. Ladner testified that she had not seen or heard from the appellant in almost four years. She did not know why the appellant stopped reporting to the appellant's probation officer.

The appellant acknowledged that she had not reported to her probation officer since December 2011 and testified that she had "no excuses for not reporting." She stated that for the past three years, she had been living in Ohio, trying to "get [her] life straight and get away from people." During that time, the appellant had eight miscarriages and one stillbirth. However, she gave birth to twins in June 2015. The

appellant was arrested for the second probation violation in August 2015 and waived extradition to Tennessee. At the time of the revocation hearing, the twins were living with her parents in Tennessee.

The appellant acknowledged that she violated probation but requested "community corrections even with an ankle monitor, or house arrest at [her] parents' house." She said that she wanted to raise her children and that her parents would help her pay for the ankle monitor. She said she was doing well on probation in 2011 until she became involved with the wrong people and the wrong friends. The appellant's husband passed away in 2008, and she "O.D'd" on drugs in 2012. However, after the overdose, she "kind of straightened up." She stated that she wanted to be with her children and watch them grow up and that she would report to her probation officer every day if necessary.

On cross-examination, the appellant testified that she was thirty-one years old and worked at Summit of Lawrenceburg for nine years. However, after her husband died, "it all went downhill." She said that she had not worked since 2008 or 2009 but that she had filled out applications for employment and that she was applying for disability based upon degenerative bones in her back. She stated that she was separated from the father of her twins and that she would work cleaning houses if released from confinement. She said that although she was disabled, she had been told she was too young to receive disability benefits. She said that she was trying to earn her GED in jail and that she would rather work than receive disability payments.

Upon being questioned by the trial court, the appellant testified that the court revoked judicial diversion because she went to Alabama without permission. Judicial diversion also was revoked because she was charged with possession of marijuana. She acknowledged that she "didn't even make it a year" before the trial court revoked judicial diversion.

Shawna Insgo, the appellant's mother, testified that in the past three years, the appellant had had ten miscarriages. Four of those occurred in Tennessee before the appellant moved to Ohio. In June 2015, the appellant had twins, a boy and a girl. Ms. Insgo was fifty-one years old and had custody of the children. She said that she could get the appellant a job cleaning houses, that the appellant would earn $75 to $100 per week, and that the appellant could use all of the money to pay for probation. She stated that the appellant needed a third chance so that the appellant could be with her children.

On cross-examination, Ms. Insgo testified that the appellant had not lived with her since the appellant left Tennessee and that she did not know who the appellant lived with in Ohio. She stated that the appellant was a responsible mother, that the appellant loved

her children, and that the children had changed the appellant. She acknowledged that the appellant only had custody of the twins for one and one-half months before the appellant was arrested and that she did not know how the appellant supported herself during that time.

At the conclusion of the hearing, the trial court noted that the appellant served only nine months on probation before the court revoked judicial diversion. She was then sentenced to probation, and a second probation violation report was filed. The trial court found that the appellant was "an absconder big time," having failed to report to her probation officer since December 2011. The court revoked her probation and ordered that she serve her effective four-year sentence in confinement with credit for time served.

## II. Analysis

The appellant contends that the trial court should have granted her request for alternative sentencing by "returning her to probation on modified conditions or extending her remaining probationary period for a period not to exceed two years." Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his or her original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); see State v. Pollard, 432 S.W.3d 851, 864 (Tenn. 2013) (concluding that abuse of discretion with a presumption of reasonableness is the appropriate standard of appellate review for all sentencing decisions). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

Here, the appellant acknowledges that she violated probation but contends that the trial court erred by ordering that she serve her effective four-year sentence in confinement because her life "fell apart" after her husband passed away in 2008, she endured numerous miscarriages and one stillbirth, and she moved to Ohio "to try to start her life anew." The appellant argues that the trial court should have granted her request for alternative sentencing because she does not have a lengthy criminal record, confinement is not necessary to avoid depreciating the seriousness of her crimes, and she would be cleaning houses and caring for her twins if the trial court had not ordered confinement. However, this court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065,

at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); <u>see</u> <u>State v. Timothy A. Johnson</u>, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Thus, the trial court did not err by ordering that the appellant serve her effective four-year sentence in confinement.

## III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE