IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Knoxville July 24, 2018

**STATE OF TENNESSEE v. DURWIN L. RUCKER**

**Appeal from the Circuit Court for Cheatham County**
**Nos. 18024, 18025   Suzanne Lockert-Mash, Judge**

_____

**No. M2017-02536-CCA-R3-CD**
_____

The Appellant, Durwin L. Rucker, pled guilty in the Cheatham County Circuit Court to violating an order declaring him to be a motor vehicle habitual offender and driving under the influence (DUI) and received an effective four-year sentence to be served as sixty days in jail and the remainder on supervised probation. Subsequently, the trial court revoked his probation. On appeal, the Appellant contends that the trial court erred by ordering that he serve his effective four-year sentence in confinement. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and J. ROSS DYER, JJ., joined.

Mitchell B. Dugan, Ashland City, Tennessee, for the appellant, Durwin L. Rucker.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Wendell Ray Crouch, Jr., District Attorney General; and Margaret Sagi, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In September 2016, the Cheatham County Grand Jury indicted the Appellant in case number 18024 for violating an order declaring him to be a motor vehicle habitual offender, failure to provide proof of insurance, and speeding and in case number 18025 for DUI, fifth offense, DUI per se, fifth offense, driving on a revoked license, fourth offense, violating an order declaring him to be a motor vehicle habitual offender, and failing to provide proof of insurance. The indictments alleged that the offenses in case

number 18024 occurred on March 8, 2016, and that the offenses in case number 18025 occurred on June 20, 2016.

The State filed a written notice that it was going to use the following convictions to impeach the Appellant if he testified at trial and seek sentencing as a Range III offender: Forgery over $1,000, a Class D felony, in June 2005; identity theft, a Class D felony, in June 2005; theft over $1,000, a Class D felony, in June 2005; theft over $1,000, a Class D felony, in March 2007; aggravated assault, a Class C felony, in August 2007; statutory rape, a Class E felony, in January 2012; and DUI, fourth offense, a Class E felony, in January 2014. On July 11, 2017, the Appellant pled guilty in case number 18024 to violating an order declaring him to be a motor vehicle habitual offender, a Class E felony, and received a four-year sentence as a Range II, multiple offender. The Appellant pled guilty in case number 18025 to DUI per se, first offense, a Class A misdemeanor, and received a concurrent sentence of eleven months, twenty-nine days. The Appellant was to serve the sentences as sixty days in jail on consecutive weekends with the remainder to be served on supervised probation. The parties agreed that the Appellant would start serving his jail time on July 20, 2017. The State dismissed the remaining charges.

Just two months later, on September 11, 2017, the Appellant's probation supervisor filed a probation violation report, alleging that the Appellant violated the rules of probation by failing to report to her in August 2017, by failing to report to jail since July 27, and by being charged in Cheatham County with failure to appear. A probation violation warrant was filed and executed that same day.

At the outset of the Appellant's probation violation hearing, defense counsel advised the trial court that "[w]e have a disposition." Defense counsel informed the court that the Appellant was "going to plead true to a violation" and serve ninety days in confinement followed by community corrections. The trial court noted that "his violation says that he quit reporting and then he didn't go to serve his 60 days" and asked the parties if they thought the Appellant was "going to report." The State responded, "Well, Your Honor, we'll find out very quickly." The trial court expressed concern and asked the Appellant's probation supervisor, who was in the courtroom, if she had agreed to "this plea." The supervisor indicated that she had not agreed, so the trial court refused to accept the sentence without a hearing.

Barbara Stevenson, the Appellant's probation supervisor, testified that she began supervising the Appellant on the day of his guilty pleas, July 11, 2017, and that he was supposed to serve sixty days in jail on weekends. On July 20, the Appellant showed up at the jail for his "intake." He also reported to jail on the weekend of July 25 and reported

- 2 -

to her on July 18. She said, though, that "I have not seen him since." The Appellant did not report to jail or Stevenson in August.

On cross-examination, Stevenson acknowledged that the Appellant lived in Wilson County and that he requested to transfer his probation from Cheatham to Wilson County. However, she told him that he would have to report in Cheatham County until he was accepted in Wilson County. She said it was not possible the Appellant was confused about where he was to serve his jail time or where he was to report to his probation officer. After the Appellant failed to report to jail in Cheatham County, he was charged with failure to appear. The charge was still pending at the time of the probation revocation hearing.

The Appellant testified that when he agreed to plead guilty, his attorney told him that he would be able to transfer the service of his jail weekends to Wilson County, where he lived. However, after he entered the pleas, "everything got changed," and the Appellant was told that "it would be up to Wilson County to take him." The Appellant reported to Barbara Stevenson and told her that he was "misinformed." He said that he told her "from the beginning" he would not be able to get from Wilson County to Cheatham County to serve his jail time and that she "sent [him] to Clarksville" to serve his jail time. The Appellant found a way to get to Clarksville for his intake. However, his sixty-eight-year-old mother lived in Nashville and was his only means of transportation to Clarksville.

The Appellant testified that he called the Cheatham County Court Clerk and told the clerk that he would "not be able to make the weekends" and that he wanted to serve his sixty days at one time and "get it over with." The clerk told the Appellant that he could not do that and that a warrant for his arrest would be issued. The Appellant tried to contact Stevenson but was unable to get in touch with her. The Appellant said he thought he was "doing right" by trying to serve the sixty days at one time. While he was waiting for an arrest warrant to be issued, he went to rehabilitation at Recovery in Christ in Lebanon and paid for his treatment out of his own pocket. He said that he did not use drugs, that he was a full-time student at the University of Phoenix, and that he had a 3.5 grade point average. Since the Appellant's arrest on the probation violation, he had served eighty-nine days in jail in addition to the four days he served on two weekends.

On cross-examination, the Appellant testified that he was a sophomore in college and acknowledged that he did not go to the probation office to speak with Stevenson. He said, though, that he did not have transportation to her office and that he telephoned her and left a voicemail. On redirect examination, defense counsel asked the Appellant if he would report to jail on weekends if the trial court gave him an opportunity "to get back out," and the Appellant answered,

Yes, sir, I would.  I will -- I know without a shadow of a doubt that I'm not gonna have a problem now reporting to my probation officer and doing things I have to.  I'm just trying to get back out here and continue with my life, and not mess up my school, and not mess up what I have going on out there.

The trial court found that the Appellant reported to his probation supervisor only one time and to jail only two times and that he had violated his probation.  The trial court revoked the Appellant's probation and ordered that he serve his effective sentence in confinement.

## II.  Analysis

On appeal, the Appellant acknowledges that he violated his probation but argues that the trial court "should have reinstated his period of probation with additional safe guards in place to assure his compliance or transferred him to the Community Corrections Program."  We conclude that the trial court properly ordered that the Appellant serve his sentence in confinement.

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement.  See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).  Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion.  State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); see State v. Pollard, 432 S.W.3d 851, 864 (Tenn. 2013) (concluding that abuse of discretion with a presumption of reasonableness is the appropriate standard of appellate review for all sentencing decisions).  "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party."  State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The Appellant acknowledges that he violated his probation.  Therefore, the trial court did not abuse its discretion by revoking his probation.  Moreover, this court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing."  State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002).

Accordingly, the trial court properly ordered that the Appellant serve his effective four-year sentence in confinement.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE