FILED
05/06/2021
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 24, 2021

## STATE OF TENNESSEE v. JAMIE LEE BLANKENSHIP

**Appeal from the Circuit Court for Bedford County**
**No. 17-CR-18666   M. Wyatt Burk, Judge**

———————————————————

### No. M2020-00730-CCA-R3-CD

———————————————————

The Appellant, Jamie Lee Blankenship, pled guilty in the Bedford County Circuit Court to violating a motor vehicle habitual offender (MVHO) order and driving under the influence (DUI), second offense, and received an effective sentence of one year, six months to be served at thirty percent release eligibility. The Appellant served some time in confinement and was released on probation. Subsequently, the trial court revoked the Appellant's probation and ordered that he serve the remainder of his effective sentence in confinement. On appeal, the Appellant acknowledges that he violated probation but contends that the trial court should have ordered a sentence of split confinement followed by reinstatement of probation. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT M. MONTGOMERY, JR., JJ., joined.

James Tucker, Shelbyville, Tennessee, for the appellant, Jamie Lee Blankenship.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Ann Thompson, Senior Assistant Attorney General; Robert J. Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On January 19, 2018, the Appellant pled guilty to violating a motor vehicle habitual offender (MVHO) order, a Class E felony, and driving under the influence (DUI), second offense, a Class A misdemeanor. The trial court sentenced the Appellant to one year, six

months at thirty percent release eligibility for violating the MVHO order and eleven months, twenty-nine days to be served as forty-five days in confinement for DUI. The trial court ordered that the Appellant serve the sentences concurrently.

At some point, the Appellant was released from the Bedford County Workhouse and was "discharged to probation." On September 6, 2018, the trial court signed a probation violation warrant. According to the warrant, the Appellant violated his probation by never reporting to his probation officer after his release from the workhouse. As a result, his whereabouts were unknown. The Appellant was not arrested until March 8, 2020.

At the Appellant's revocation hearing, he testified that he served about five months in the workhouse. Before his release, a female employee from probation and parole visited him. They talked about the Appellant's "getting out," the Appellant signed some paperwork, and he gave her the address and telephone number for his new residence. Defense counsel asked if the employee went over "the rules and regulations" with the Appellant, and he answered as follows:

> I was just so happy to get out of the workhouse. I was kind of -- we was kind of cutting up, and she said something about determinant release, and I just signed the paper and pretty much -- you know, like I said, we was cutting up and I was happy to be getting out and I didn't really pay too much attention. I've never been on state probation.

The Appellant said he thought "determinant release" meant he was being released from the State's custody.

Defense counsel asked the Appellant why he never reported to his probation officer. The Appellant testified that he "didn't know [he] was supposed to be on probation" and that he did not know he was supposed to contact her. He said that he was on "county" probation twice previously, that he always reported to his probation officer, and that he successfully completed county probation. The Appellant said that if the trial court gave him another chance, he would report to his probation officer. The Appellant stated that he did not have a driver's license but that he lived with a friend, who drove him everywhere he needed to go. He said that he had employment after his release from jail and that he was going to work at a meat smokehouse in Lewisburg.

On cross-examination, the Appellant acknowledged that when he pled guilty, he knew he would be on probation upon his release from confinement. After the employee from probation and parole visited him in the workhouse, he asked people in the workhouse what "determinate release" meant. They told him that determinate release was "an automatic kickout." The Appellant thought being a state inmate differed from being a county inmate and did not know he was supposed to serve probation. He later learned that he should have reported to his probation officer after his release from the workhouse. He

said he did not remember the employee giving him an appointment card and acknowledged that he was unemployed when he was arrested on the probation violation.

The trial court revoked the Appellant's probation and found it "rather difficult to understand" how he could think he was "done" when he was released from the workhouse. The trial court stated that it did not "buy" the Appellant's story and noted that the Appellant also did not complete an A&D Assessment or DUI school, which were conditions of his release. The trial court ordered that the Appellant serve the balance of his sentence in confinement.

## II. Analysis

The Appellant does not deny that he violated probation but asserts that the trial court abused its discretion by ordering that he serve the balance of his sentence in confinement. The Appellant asserts that the least severe measure for his probation violation would have been a sentence of split confinement followed by reinstatement of probation for an extended duration. The State argues that the trial court properly ordered that the Appellant serve the balance of his sentence in confinement. We agree with the State.

Upon finding by a preponderance of the evidence that the Appellant has violated the terms of his probation, a trial court is authorized to order the Appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010). As this court has repeatedly cautioned, "[A]n accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002).

The Appellant acknowledges that he violated probation by failing to report to his probation officer. Therefore, it was within the trial court's discretion to order that he serve the balance of his effective sentence in confinement. Accordingly, we conclude that the Appellant is not entitled to relief.

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE