FILED

09/02/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 7, 2021

## STATE OF TENNESSEE v. TERRANCE F. ARNOLD

**Appeal from the Circuit Court for Henderson County**
**No. 19-053-2          Donald H. Allen, Judge**

_____

### No. W2020-00149-CCA-R3-CD

_____

The Appellant, Terrance F. Arnold, appeals the Henderson County Circuit Court's revocation of his probation, arguing that there was no "substantial evidence" that he violated his probation. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JILL BARTEE AYERS, JJ., joined.

Samuel W. Hinson (on appeal) and Michael Thorne (at hearing), Lexington, Tennessee, for the appellant, Terrance F. Arnold.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Angela R. Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

In February 2019, the Henderson County Grand Jury indicted the Appellant for aggravated assault by strangulation or attempted strangulation and domestic assault causing bodily injury. The offenses allegedly occurred on October 3, 2018. On April 16, 2019, the Appellant pled guilty to the crimes. Pursuant to the plea agreement, the domestic assault conviction was merged into the aggravated assault conviction, and the Appellant received a six-year sentence to be served on probation supervised by community

corrections. A condition of the Appellant's probation was that he not have contact with the victim, who was his wife.

On June 27, 2019, the Appellant's probation officer executed a probation violation affidavit, alleging that the Appellant violated probation by being arrested for and charged with violating an order of protection that the victim had obtained against the Appellant. The trial court issued a probation violation warrant. On July 11, 2019, the Appellant's probation officer executed an additional probation violation affidavit, alleging that the Appellant also violated probation by failing to notify the officer of the Appellant's change of address. The trial court issued a second probation violation warrant, and the Appellant was arrested.

The trial court held a revocation hearing on July 30, 2019. During the hearing, Blake Mayfield, an employee for Madison County Community Corrections, testified that he supervised the Appellant's probation. The Appellant last reported to Mayfield on June 28, 2019, and gave his address as an apartment on Broadway Road in Lexington. On July 1, 2019, Mayfield went to the apartment to conduct a home visit. The person living in the apartment knew the Appellant and told Mayfield that the Appellant had been evicted two weeks earlier. Mayfield said that in addition to failing to report his change of address, the Appellant was arrested for violating an order of protection that had been obtained by the victim.

On cross-examination, Mayfield testified that he did not know the name of the person with whom he spoke at the apartment. The Appellant reported to Mayfield that he had been charged with violating the order of protection and that he was going to be arrested. Mayfield "encouraged" the Appellant to turn himself in to the police, and the Appellant did so. Mayfield said that he did not remember the Appellant's telling him that the victim had been contacting the Appellant. Mayfield acknowledged that other than the Appellant's failing to report his change of address and his arrest for violating the order of protection, the Appellant had complied with the rules of probation. The Appellant reported to Mayfield as required and was current on his court payments.

The victim testified for the State that she was the Appellant's wife. After the Appellant was arrested for assaulting the victim in October 2018, the victim obtained an order of protection against him. Subsequently, the Appellant texted the victim, telephoned her, and "stole [her] car." On July 16, 2019, the general sessions court held a hearing on the order of protection and found the Appellant guilty of violating the order. The State introduced a copy of the general sessions judgment into evidence.

On cross-examination, defense counsel asked if the victim contacted the Appellant while the order of protection was in effect. The victim answered, "He contacted me first.

I returned his text, yes, sir." The victim denied initiating contact with the Appellant but said she had contact with him because they were "arguing over a vehicle." She denied telephoning the Appellant "70 times."

The Appellant testified that he was "aware" that he allegedly sent a text message to the victim. Defense counsel asked about the text message, and the Appellant stated, "It said it was an 'H.' I wasn't familiar with it until I saw it in the courtroom the other day." The Appellant said that he never threatened the victim and that he never telephoned her. However, she telephoned him "70 something times." The Appellant "kept reporting to everybody" that the victim was contacting him. Every time the victim contacted the Appellant, the Appellant reported the contact to his probation officer by "leav[ing] it on his voicemail." The Appellant stated that he did not want the victim in his life and that he never meant to harm her.

The Appellant testified that his telephone log showed that he placed a call to the victim on June 8, 2019, but that the call was disconnected. The Appellant's text message log showed that he also sent a text message to the victim. The text message simply stated, "'H.'" The Appellant said he did not send the text message intentionally.

On cross-examination, the Appellant acknowledged that a telephone call was placed to the victim from his telephone. A text message also was sent. The Appellant stated that the victim took all of his furniture, so he took his car from her. The Appellant denied that he argued with the victim about the car or that he was upset with her. On redirect examination, the Appellant testified that he contacted the police before he took possession of the car.

Upon being questioned by the trial court, the Appellant testified that after he was released from jail and placed on supervised probation, he stayed in a hotel for two nights. He then moved into another hotel for two weeks. The Appellant reported the hotels where he was staying to his probation officer. The Appellant wrote his mailing address on his guilty plea form because he did not have a physical address at that time.

The Appellant testified that the victim obtained an order of protection against him on October 10, 2018. The Appellant's telephone call to the victim on June 8, 2019, was only four seconds in duration, and the Appellant "text[ed] her by mistake." The Appellant stated that he had thirteen grandchildren and that they were "always using [his] phone." The Appellant acknowledged that he used to live in the apartment on Broadway Road. The Appellant's probation officer spoke with the Appellant's "landlord lady," who mistakenly told the officer that the Appellant was not living there.

The trial court recalled the victim to the stand and questioned her. The victim testified that after the Appellant was arrested for assaulting her in October 2018, he spent 174 days in jail. The victim contacted the Appellant during that time. When the Appellant was released from jail, he took the car they co-owned. The Appellant sent a text message to the victim, and the text message said, "'H.'" The Appellant also telephoned the victim and told her, "I got you again B-I-T-C-H."

At the conclusion of the hearing, the trial court accredited the victim's testimony that the Appellant telephoned and texted her. The trial court found that the Appellant violated his probation by having contact with the victim and by not living at the residence he reported to his probation officer.

## II. Analysis

The Appellant contends that the trial court abused its discretion by revoking his probation because there was no "substantial evidence" that he violated his probation. The Appellant asserts that the proof "clearly showed" that any telephone call or text message to the victim was "accidentally or inadvertently made"; therefore, he did not intentionally or knowingly violate the order of protection. The Appellant also asserts that he provided his mailing address on his plea form because he did not have a physical address at that time and that "this 'violation' was minor at best." The State argues that the trial court properly revoked the Appellant's probation and ordered that he serve the balance of his sentence in confinement. We agree with the State.

Upon finding by a preponderance of the evidence that the Appellant has violated the terms of his probation, a trial court is authorized to order the Appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e) (2020); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The victim testified at the revocation hearing that the Appellant texted her. She also testified that he telephoned her and told her, "I got you again B-I-T-C-H." The trial court accredited the victim's testimony and found that the Appellant contacted the victim. The trial court also found that the Appellant did not live at the address he reported to his probation officer. The Appellant's probation officer testified that when he went to the address provided by the Appellant, which was an apartment on Broadway Road, the

- 4 -

Appellant was not there.  Moreover, the woman living in the apartment advised the probation officer that the Appellant had been evicted two weeks earlier.  Therefore, we conclude that the trial court did not abuse its discretion by finding that the Appellant violated the terms of his probation.  Accordingly, the trial court also did not abuse its discretion by revoking the Appellant's probation and ordering that he serve the balance of his six-year sentence in confinement.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE