IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2016

**STATE OF TENNESSEE v. BRANDON RAY RUST**

**Direct Appeal from the Circuit Court for Bedford County
No. 17775     Franklin Lee Russell, Judge**

_____

**No. M2015-02284-CCA-R3-CD – Filed August 25, 2016**

_____

The appellant, Brandon Ray Rust, pled guilty in the Bedford County Circuit Court to burglary and was granted judicial diversion with the requirement that he complete three years on probation. Subsequently, the trial court revoked probation and ordered that the appellant serve the balance of his sentence in confinement. On appeal, the appellant acknowledges that he violated probation but contends that the trial court should have ordered a sentence that included an alternative to confinement. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Michael J. Collins, Shelbyville, Tennessee, for the appellant, Brandon Ray Rust.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Robert J. Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In December 2013, the Bedford County Grand Jury returned a true bill, charging the appellant with burglary, a Class D felony, and theft of property valued more than $500 but less than $1,000, a Class E felony. In February 2014, the appellant pled guilty to burglary and was granted judicial diversion with the requirement that he complete

three years on probation. He also was ordered to pay $810 restitution. In return for the plea, the theft charge was dismissed.

On October 10, 2014, the appellant's probation officer filed an affidavit, alleging that the appellant violated probation by being arrested on September 30 by the Tullahoma City Police for disorderly conduct and resisting arrest, by being arrested on September 30 in Coffee County for public intoxication, and by failing to make any payments toward his restitution or probation fees. On March 13, 2015, the appellant's probation officer filed a second affidavit, alleging that the appellant violated probation by changing residences without notifying her. The officer reported that she did not know the appellant's location and considered him to be an absconder from probation supervision.

At the August 2015 probation revocation hearing, defense counsel advised the trial court that the appellant had pled guilty to the three new charges. The appellant testified that "[e]verything was okay" until he lost his job and could not pay his bills. His family, which included his two children, was evicted from their home and moved in with a woman he thought was a friend. However, the woman began "taking our car and all the things we had and acted like she owned it." He said that if his family did not acquiesce to her demands, she threatened to "throw us out and call Children's Services on us." The appellant said that he "got to the end of [his] rope" and "couldn't take no more." One night, he began drinking alcohol and was arrested in Coffee County. His appointed attorney advised him to plead guilty to the charges.

The appellant testified that the night of his arrest was "the biggest and dumbest mistake" he had ever made in his life, that he had never turned to drugs or alcohol while under stress, and that he had a beautiful family that loved him. He asked that the court have mercy on his situation because he had a good job and went home every evening to his fiancée and children. He stated that he had learned from his mistakes and that "I'm begging for a chance to let me prove it to you guys."

On cross-examination, the appellant acknowledged that he currently had a probation revocation pending for the Coffee County convictions because he failed to make regular visits to his probation officer and pay probation fees and costs. Regarding the March 2015 affidavit for violation of probation, the appellant explained that his family moved into a homeless shelter in February 2015 and that he did not notify his probation officer because he was scared. He acknowledged that he had not met with her for almost six months. At the conclusion of the appellant's testimony, the trial court revoked his probation and ordered that he serve the balance of his sentence in confinement.

## II. Analysis

The appellant acknowledges that he violated his probation by committing new offenses, failing to report a change of address to his probation officer, and failing to meet with her but contends that the trial court should have ordered a sentence alternative to confinement because he experienced "a period of homelessness and shelter instability." He argues that the trial court should have imposed "a short period of split confinement followed by community corrections and mandatory alcohol treatment and employment improvement training."

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); see State v. Pollard, 432 S.W.3d 851, 864 (Tenn. 2013) (concluding that abuse of discretion with a presumption of reasonableness is the appropriate standard of appellate review for all sentencing decisions). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The appellant acknowledges that he violated his probation. Therefore, the trial court did not abuse its discretion by revoking his probation. Moreover, this court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Thus, the trial court did not err by ordering that the appellant serve the balance of his seven-year sentence in confinement.

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA MCGEE OGLE, JUDGE