FILED

05/24/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 13, 2017

**STATE OF TENNESSEE v. JOHN WESLEY CANTRELL, JR.**

**Appeal from the Criminal Court for Davidson County**
**No. 2012-A-660     Cheryl A. Blackburn, Judge**

_____

**No. M2017-00842-CCA-R3-CD**

_____

The Appellant, John Wesley Cantrell, Jr., pled guilty in the Davidson County Criminal Court to possessing one-half gram or more of cocaine with intent to sell and selling less than one-half gram of cocaine and received ten- and three-year sentences, respectively, to be served on supervised probation. Subsequently, the trial court revoked his probation. On appeal, the Appellant contends that the trial court erred by ordering that he serve his ten-year sentence in confinement. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Emma Rae Tennent (on appeal) and Julia Bigsby (at hearing), Nashville, Tennessee, for the appellant, John Wesley Cantrell, Jr.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Counsel; Glenn R. Funk, District Attorney General; and Leandra Justus Varney, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In March 2012, the Davidson County Grand Jury filed a nine-count indictment, charging the Appellant with various drug offenses and tampering with evidence. On June 21, 2012, the Appellant pled guilty to one count of possessing one-half gram or more of cocaine with intent to sell, a Class B felony, and one count of selling less than one-half gram of cocaine, a Class C felony, and the State dismissed the remaining charges.

Pursuant to the plea agreement, the Appellant received a ten-year sentence for possessing cocaine with intent to sell and a three-year sentence for selling cocaine. The Appellant was to serve the sentences concurrently on supervised probation.

The Appellant violated the terms of his probation three times between July 2012 and August 2016. For each violation, the trial court reinstated the Appellant's probation.

On March 3, 2017, the Appellant's probation supervisor signed an affidavit for violation of probation, alleging that the Appellant violated his probation by being charged with gambling and numerous violations of the liquor laws, including seven counts of unlawful sale of alcohol and four counts of unauthorized storage of alcohol for sale. At the Appellant's April 5, 2017 revocation hearing, he acknowledged that he "picked up" the new charges at "the Mission" and that he pled guilty to "a few" of the charges. Defense counsel instructed the Appellant to tell the trial court "what was going on with the alcohol and the poker and being at the Mission," and the Appellant stated as follows:

> Unfortunately a lot of guys that I graduated high school [their] lives has turned bad, and they live at the Mission. And, you know, we've been good since high school, so I go down there and we play cards. And, you know, of course, they like to drink liquor. I'm not a big liquor drinker, but they like to drink liquor. So some guys from the Mission had been stealing from the big liquor store Frugal MacDoogal, so they won't let the Mission people walk in and buy. So they asked me would I go get liquor -- could they make a list and, you know, I go get liquor. And then they don't have to get someone to go to the liquor store and all that. So, of course, they're my buddies, and I agreed to it. And I'm wrong for that, but I agreed to it because they're my buddies.
>
> . . . .
>
> They would pay me up front, and I would go pay for the liquor. It would just be in my truck, and they would get it as they needed it, as they wanted it.

The police were watching the Appellant, and he sold some alcohol to an undercover police officer. The Appellant also played spades. He said that "we don't bet any money and stuff like that," but he was charged with gambling. The Appellant pled guilty to misdemeanors and served ten days in confinement. He acknowledged that he violated his probation.

- 2 -

The Appellant testified that if the trial court reinstated his probation, he would live with his sister and stay away from the Mission. He acknowledged that every time he went to the Mission, he got into trouble. He said he had a truck, a driver's license, and a job working for Trojan Labor and asked that the trial court place him back on probation because "I'm a good man" and "I really mean well." He advised the court that "I'll do my best to finish this probation without violating again." At that point, the following colloquy occurred:

> THE COURT: . . . . [A] police officer testified last year on your last series of charges that he had stopped you, been watching you, you were staying with your car down there, all that. My recollection is I told you to stay away from the Mission. But, I mean, why are you surprised that they caught you? Mr. Cantrell, you've been down there doing your business for [some time]. I mean, like I said, the police officer -- they know you, they know your car. Why are you surprised that they caught you?
>
> THE WITNESS: I'm not surprised.
>
> THE COURT: You're not surprised. I didn't think you were.
>
> THE WITNESS: No, ma'am.

The trial court found that the Appellant violated his probation. The court noted that this was the Appellant's fourth violation and stated that it had "bent over backwards" for the Appellant and that "I can't do it anymore." The trial court ordered that the Appellant serve his ten-year sentence in the Tennessee Department of Correction with credit for time served in jail.[1]

## II. Analysis

On appeal, the Appellant acknowledges that he violated his probation but argues that the trial court "did not exercise conscientious judgment" when it ordered that he serve his ten-year sentence in confinement and that the court should have placed him back on probation or ordered split confinement. We conclude that the trial court did not err.

---

[1] The Appellant's three-year sentence had expired.

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310, -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); see State v. Pollard, 432 S.W.3d 851, 864 (Tenn. 2013) (concluding that abuse of discretion with a presumption of reasonableness is the appropriate standard of appellate review for all sentencing decisions). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010).

The Appellant acknowledges that he violated his probation. Therefore, the trial court did not abuse its discretion by revoking his probation. Moreover, this court has repeatedly cautioned that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). This is the Appellant's fourth probation violation, and the trial court has been more than patient with him. Thus, we have no hesitation in concluding that the trial court did not err by ordering that he serve his ten-year sentence in confinement.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court

_____
NORMA MCGEE OGLE, JUDGE