IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2020

FILED
12/23/2020
Clerk of the
Appellate Courts

## STATE OF TENNESSEE v. FRANK EDWARD SHARP JR.

**Appeal from the Circuit Court for Marshall County**
**Nos. 17-CR-124, 17-CR-125     M. Wyatt Burk, Judge**

### No. M2020-00489-CCA-R3-CD

The Appellant, Frank Edward Sharp Jr., contends that the trial court erred by revoking his probation and ordering him to serve the balance of his original sentence in confinement. The Appellant acknowledges that he violated the terms of his probation and argues that the trial court should have given him a sentence of split confinement. Upon review, we affirm the judgment of the trial court, but we remand to the trial court for entry of a corrected judgment of conviction in case number 17-CR-125 to reflect that the Appellant pled guilty to possession of .5 grams or more of methamphetamine with the intent to sell or deliver.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed as Modified; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Michael J. Collins, Lewisburg, Tennessee, for the Appellant, Frank Edward Sharp Jr.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Robert James Carter, District Attorney General; and William Bottoms, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Factual Background

The record reflects that on January 12, 2018, the Appellant pled guilty in case number 17-CR-124 to the sale of .5 grams or more of methamphetamine and in case number 17-CR-125 to possession of .5 grams or more of methamphetamine with the intent

to sell or delivery. Pursuant to the plea agreement, the Appellant received concurrent sentences of nine years, with eleven months and twenty-nine days to be served in confinement and the remainder to be served on supervised probation.

On January 30, 2020, a warrant was issued alleging that the Appellant had violated the terms of his probation by being arrested on January 16, 2020, for possession of a Scheduled II controlled substance, namely crystal methamphetamine, with the intent to sell or deliver. The warrant further alleged that the Appellant violated his probation by testing positive for methamphetamine on December 30, 2019.

At the March 6, 2020 probation violation hearing, the Appellant testified and agreed that he violated his probation. Specifically, he acknowledged that he tested positive for using methamphetamine while on probation. He also agreed that he was charged with possession of a Scheduled II controlled substance with the intent to sell or deliver and possession of drug paraphernalia and that the case was pending. The Appellant said that he had been an alcoholic but "found [him]self pretty near death in 2010" and went to Cumberland Heights for rehabilitation. He stopped drinking and spent the next six years "clean." During that time, he had attended an alcoholics anonymous (AA) group and was active at local and state levels. The Appellant said that he was the owner and operator of Sharp Motor Company in Lewisburg.

The Appellant stated in 2016, after being on pain management for his arthritis for ten years, he tried methamphetamine "as a fluke," and he no longer needed to take pain medication. The Appellant said that he had been taking methamphetamine for only a short time before his arrest in April 2016.

The Appellant said that he stayed "clean" for almost four years. However, he had gone into a "funk" every December since his mother died in December 2010. In December 2019, his depression was severe, he made a "mistake," and he "got high."

Although the Appellant acknowledged that he violated the terms of his probation, he asked the trial court to allow him to remain on probation. He said that he wanted to get home to see his grandchildren and his children and to take care of his farm. The Appellant promised to start attending Narcotics Anonymous groups to help him with his drug problem.

On cross-examination, the Appellant said that he had been living with his fiancée, Makarla Martinez, and acknowledged that she was involved in the distribution of methamphetamine. The Appellant said that he had been "clean" since April 2016 but that he had made one mistake and wanted the trial court to give him another chance.

The trial court noted its concern that the Appellant had not acknowledged his need for substance abuse treatment and that "another act of leniency will only result in additional substances." The court revoked the Appellant's probation and ordered him to serve his original sentence in confinement. On appeal, the Appellant contends that the trial court erred by ordering the Appellant to serve the balance of his sentence in confinement instead of imposing a sentence of split confinement and mandatory inpatient drug rehabilitation.

## II. Analysis

Upon finding by a preponderance of the evidence that the Appellant has violated the terms of his probation, a trial court is authorized to order the Appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010). The Appellant admitted at the hearing that he violated the terms of his probation; accordingly, the trial court did not abuse its discretion by revoking the Appellant's probation. The trial court explained its concern that without rehabilitation, which the Appellant did not mention, the Appellant was likely to reoffend. Further, the trial court did not abuse its discretion by ordering the Appellant to serve his original sentence in confinement. This court has repeatedly stated that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). The Appellant is not entitled to relief.

We note that our review of the record reveals that although the Appellant pled guilty in case number 17-CR-125 to possession of .5 grams or more of methamphetamine with the intent to sell or deliver, the judgment of conviction reflects that the Appellant pled guilty to "sale/delivery of methamphetamine more than .5." Therefore, we must remand the case to the trial court for entry of a corrected judgment of conviction to reflect that the Appellant pled guilty to possession of .5 grams or more of methamphetamine with the intent to sell or deliver.

## III. Conclusion

The case is remanded to the trial court for entry of a corrected judgment in case number 17-CR-125 to reflect that the Appellant pled guilty to possession of .5 grams or more of methamphetamine with the intent to sell or deliver. We affirm the judgment of the trial court in all other respects.

_Norma McGee Ogle_
NORMA MCGEE OGLE, JUDGE